1. DENNIS J. HERRERA, City Attorney
CHERYL ADAMS, State Bar #164194
2. Chief Trial Deputy
PETER J. KEITH, State Bar #206482
3. RENÉE L. ERICKSON, State Bar #304983
Deputy City Attorneys
4. 1390 Market Street, 6th Floor
San Francisco, California 94102-5408
5. Telephone:      (415) 554-3908 [Keith]
Telephone:      (415) 554-3853 [Erickson]
6. Facsimile:      (415) 554-3837
E-Mail:          peter.keith@sfgov.org
7. E-Mail:         renee.erickson@sfgov.org

8. Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
9. MICHAEL ANDROVICH, MAUREEN D'AMICO,
ROBERT DANIELE, FRANCIS HAGAN,
10. MICHAEL JOHNSON, KEVIN KNOBLE,
CARLA LEE, ROBERT MCMILLAN,
11. SHAWN PHILLIPS, DANIEL SILVER,
MICHAEL SLADE, and JAMES TRAIL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL RASHID TRULOVE,<br><br>   Plaintiff,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, ET AL.,<br><br>   Defendants. | Case No. 16-cv-00050-YGR<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**<br>**(1) ALL CLAIMS AGAINST DEFENDANTS MICHAEL ANDROVICH, ROBERT DANIELE, FRANCIS HAGAN, KEVIN KNOBLE, ROBERT MCMILLAN, SHAWN PHILLIPS, JAMES TRAIL, DANIEL SILVER, MICHAEL SLADE, AND THE CITY AND COUNTY OF SAN FRANCISCO;**<br>**(2) STATE LAW CLAIMS AGAINST DEFENDANTS MAUREEN D'AMICO, MICHAEL JOHNSON, AND CARLA LEE**<br><br>Hearing Date:   July 26, 2016<br>Time:           2:00 p.m.<br>Judge:          Hon. Yvonne Gonzalez Rogers<br>Place:          Courtroom 1 - 4th Floor<br>                1301 Clay Street<br>                Oakland, CA 94612<br><br>Trial Date:     Not set. |

**ORDER**

On July 26, 2016, Defendants' motion to dismiss the First Amended Complaint under Federal Rule 12(b)(6) came on regularly for hearing.  Defendants were represented by the San Francisco City Attorney's Office, through Deputy City Attorneys Peter J. Keith and Renée Erickson.  Plaintiff was represented by The Law Office of Chatfield and Reisman and Neufeld, Scheck and Brustin LLP, through _____.

The request for judicial notice is GRANTED.  After full consideration of the briefing, the arguments of counsel, and the pleadings on file in this case, this Court GRANTS Defendants' motion.

1.   All claims against Defendants Michael Androvich, Robert Daniele, Francis Hagan, Kevin Knoble, Robert McMillan, Shawn Phillips, Daniel Silver, Michael Slade, and James Trail are DISMISSED.

Plaintiff alleges that these nine individual defendants violated 42 U.S.C. § 1983 (Counts I-V) by depriving him of a fair trial.  Plaintiff alleges these defendants failed to disclose exculpatory evidence to the prosecutor in violation of *Tennison v. City and County of San Francisco*, 570 F.3d 1078, 1089 (9th Cir. 2008), and coerced witnesses to give false statements against him in violation of *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001), causing his conviction.

However, the First Amended Complaint lacks sufficient allegations of nonconclusory facts to plausibly support a claim that any of these nine defendants personally violated Plaintiff's clearly established constitutional rights.  On a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), require that the Court consider only the "well-pleaded factual allegations, … assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  Here, the well-pleaded factual allegations against these nine defendants do not plausibly give rise to an entitlement to relief.  Some of these nine defendants did nothing at all relative to the evidence that Plaintiff claims was suppressed or fabricated.  Other defendants are alleged to have had some interaction with the witnesses against Plaintiff – but the allegations against these defendants are too conclusory, vague, or innocuous to support a claim that they caused a violation of Plaintiff's clearly established constitutional rights under the exacting

qualified immunity standard.  Plaintiff has not pled facts from which it could be plausibly inferred that these defendants engaged in constitutional misconduct so clear that "every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quotations marks and citations omitted).

The facts in the FAC also do not support the existence of a conspiracy under which these nine defendants could be held liable for violations alleged against the three other individual defendants.  At most, there is an "allegation of cooperation" between different law enforcement officers – but that "supports no inference that [a particular defendant] acted with an improper motive, and is not enough to subject him to § 1983 liability for civil conspiracy." *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (internal quotation marks omitted).

Furthermore, the FAC does not contain sufficient facts to support claims against Defendants Sgt. Robert Daniele and Lt. Michael Slade, both of whom are alleged to be liable because they were supervisors on duty when an alleged violation of Plaintiff's rights occurred.  But such allegations do not give rise to a plausible claim of personal liability.  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

2. All claims against the City and County of San Francisco are DISMISSED.

California Government Code section 821.6 provides absolute immunity from Plaintiff's California Civil Code section 52.1 claim against San Francisco (Count VII).  *County of Los Angeles v. Superior Court (West)*, 181 Cal. App. 4th 218, 230-231 (2009) (section 821.6 immunity barred Civil Code section 52.1 claim); *Randle v. City and County of San Francisco*, 186 Cal. App. 3d 449, 457 (1986) (section 821.6 immunity applied where "the act which forms the basis of appellant's case is the suppression of evidence, either by the prosecutor or by the police officer in failing to bring the report to the prosecutor's attention").  This immunity applies to San Francisco as well as its employees. California Gov. Code §815.2.

Moreover, Plaintiff does not have a cause of action against San Francisco under Government Code section 825 (Count VIII).  Section 825 establishes certain obligations on the part of a California public entity to defend and indemnify its current and former employees for liabilities arising in the course and scope of their employment.  This includes an obligation of the public entity, under most

circumstances, to pay for judgments for compensatory damages or for settlements in suits against its public employees. But that obligation of "indemnity [under section 825] does not provide additional rights to plaintiffs. It is the defendant and not the plaintiff who is given a separate cause of action for reimbursement under Government Code section 825. The plaintiff in a tort claim against a governmental employee appears to be merely a potential and incidental beneficiary of the indemnification provisions." *Williams v. Horvath*, 16 Cal. 3d 834, 845 (1976).

3. The California Civil Code section 52.1 claim against Defendants Maureen D'Amico, Michael Johnson, and Carla Lee (Count VI) is DISMISSED. As discussed above, California Government Code section 821.6 provides absolute immunity from Plaintiff's California Civil Code section 52.1 claim.

As a consequence of the foregoing rulings, Plaintiff's federal claims under 42 U.S.C. section 1983 against Defendants Maureen D'Amico, Michael Johnson, and Carla Lee remain in the case. All other claims are DISMISSED.

IT IS SO ORDERED.

Dated:_____            _____
                                           HON. YVONNE GONZALEZ ROGERS
                                           United States District Judge