# EXHIBIT A

```
                                                    PAGES 1 - 45

                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

JAMAL RASHID TRULOVE,       )
                            )
         PLAINTIFF,         )   NO. C-16-0050 YGR
                            )
  VS.                       )   MONDAY, AUGUST 29, 2016
                            )
THE CITY AND COUNTY OF      )   OAKLAND, CALIFORNIA
SAN FRANCISCO, ET AL.,      )
                            )
                            )   INITIAL CASE MANAGEMENT
         DEFENDANTS.        )       CONFERENCE
_____)    MOTION TO DISMISS


        BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE
```

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**        NEUFELD, SCHECK & BRUSTIN, LLP
                          99 HUDSON STREET, 8TH FLOOR
                          NEW YORK, NEW YORK 10013
                      BY: NICK BRUSTIN, ESQUIRE

                          ALEX REISMAN, ESQUIRE
                          P.O. BOX 10
                          BRISBANE, CALIFORNIA 94005

                          KATE L. CHATFIELD, ESQUIRE
                          2130 FULTON STREET, KN211
                          SAN FRANCISCO, CALIFORNIA 94117


                    (APPEARANCES CONTINUED)


**REPORTED BY:**          DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                          OFFICIAL COURT REPORTER

        TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930**

1              OH, OKAY.
2              AND THEN THE OFFICER DOESN'T DO ANYTHING?  THE OFFICER WHO
3      HEARS THAT REMARK DOESN'T DO ANYTHING?
4              I MEAN, I DON'T SEE AN ACT.  I JUST SEE INACTION IN THAT
5      SCENARIO.  THAT MAY BE WHY I AM HAVING A PROBLEM WITH THAT
6      BECAUSE USUALLY WITH A CONSPIRACY YOU HAVE AN ACT IN
7      FURTHERANCE OF THE CONSPIRACY.
8                  **THE COURT:**  RIGHT.
9                  **MR. KEITH:**  -- WHEREAS INACTION ISN'T -- IT'S NOT AN
10     ACT.
11                 **THE COURT:**  SO WHAT LAW IS THERE THAT SUPPORTS YOUR
12     THEORY THAT THERE IS AN AFFIRMATIVE OBLIGATION TO ACT TO
13     UNDERMINE OR DERAIL THE CONSPIRACY AT ISSUE?
14                 **MR. BRUSTIN:**  I DON'T KNOW IF WE CITED THOSE CASES
15     HERE.  I THINK WE CAN.  AND WE CERTAINLY CAN SUBMIT THEM TO
16     YOU.  I KNOW THEY ARE OUT THERE.  I DON'T KNOW IF THEY
17     SPECIFICALLY RELATE TO CONSPIRACY OR OTHER TYPES OF CIVIL
18     RIGHTS THEORIES.
19             I BELIEVE THERE IS CONSPIRACY LAW SUGGESTING THAT IF THERE
20     ARE OFFICERS WHO ARE AWARE OF FABRICATED EVIDENCE IN AN
21     INVESTIGATION THAT THEY ARE INVOLVED IN AND FAIL TO CORRECT
22     IT, I THINK IT'S FRANKLY COMMON SENSE.  ANY OFFICER WHO KNOWS
23     THAT FABRICATED EVIDENCE IS BEING USED IN CONNECTION WITH THE
24     PROSECUTION HAS AN OBLIGATION TO REPORT IT.
25             I DO THINK, THOUGH, WE COULD FIND CASES THAT SAY JUST

1   THAT.

2   **MR. KEITH:** YOUR HONOR, THEN THE PLAINTIFFS WOULD
3   HAVE TO BE ABLE TO PLEAD IN GOOD FAITH THAT THAT COMMUNICATION
4   IN FACT HAPPENED.  I MEAN I THOUGHT -- I MEAN THEY KNOW WHAT
5   THEY CAN PLEAD IN GOOD FAITH.  I DON'T KNOW WHAT THEY CAN
6   PLEAD IN GOOD FAITH IN THAT REGARD.

7   **MR. BRUSTIN:** WHAT WE CAN PLEAD NOW, YOUR HONOR, IS
8   AN INFERENCE OF KNOWLEDGE, A PLAUSIBLE INFERENCE OF KNOWLEDGE,
9   WHICH IS ALL WE CAN DO AT THIS STAGE.

10   AND THERE'S NO QUESTION THAT IF WE CAN'T SHOW IN DISCOVERY
11   THAT THESE DEFENDANTS -- EVIDENCE THAT THESE DEFENDANTS KNEW
12   ABOUT THE FABRICATIONS, WE ARE NOT GOING TO KEEP THEM.

13   **THE COURT:** LET'S SAY THIS:  I WOULD LIKE TO SEE THE
14   LAW BECAUSE I DON'T HAVE IT RIGHT NOW.  AND CERTAINLY WHAT I
15   THINK ABOUT IN THESE CASES AS EARLY AS THIS IS WHAT I HAVE TO
16   TRY IF THE CASE GOES TO TRIAL AND WHAT I HAVE TO INSTRUCT THE
17   JURY ON.  AND IF YOU CAN'T GIVE ME LAW NOW, LIKELIHOOD THAT
18   YOU WILL GIVE ME LAW IN A YEAR, ESPECIALLY AFTER SUMMARY
19   JUDGMENT, IS PRETTY LOW.

20   SO I WOULD LIKE TO KNOW NOW.  HOW MUCH TIME WILL IT TAKE
21   TO GET THE CASES?

22   **MR. BRUSTIN:** CAN WE HAVE --

23   **THE COURT:** A WEEK?

24   **MR. BRUSTIN:** IT'S A BAD TIME OF YEAR.  WOULD IT BE
25   POSSIBLE GIVEN END OF AUGUST, WE HAVE TWO?  WOULD THAT BE

```
 1    POSSIBLE, YOUR HONOR?
 2         THE COURT:  I DON'T WANT ARGUMENT, I JUST WANT CASES.
 3    SO THREE PAGES MAX.
 4         MR. BRUSTIN:  SURE.
 5         THE COURT:  THEN YOU CAN RESPOND.
 6         MR. KEITH:  OKAY, YOUR HONOR.  SINCE THE COURT
 7    DOESN'T WANT ARGUMENT, I WOULD JUST ADD THAT WITH REGARD TO
 8    THE CLAIM OF THE INFERENCE THE PLAINTIFF IS SUGGESTING COULD
 9    BE DRAWN HERE, WE COME BACK TO THE SAME PROBLEM.  THE SAME
10    CONCERTED EFFORT HAPPENS IN EVERY HOMICIDE INVESTIGATION.
11         THE COURT:  ALL RIGHT.  YOUR ARGUMENT IS NOTED ON
12    THAT POINT.
13         MR. KEITH:  AND, YOUR HONOR, OUR RESPONSE WILL BE DUE
14    A WEEK AFTER THAT?
15         THE COURT:  SO IT'S THE 29TH.  ALL RIGHT.  SO THE
16    12TH.  AND THEN A RESPONSE ON THE 19TH.
17       AGAIN, NO MORE THAN THREE PAGES.  JUST LOOKING FOR THE
18    CASES.
19       LET'S MOVE AHEAD THEN TO THE SUPERVISORY LIABILITY.  ARE
20    THERE ANY ALLEGATIONS, ADDITIONAL ALLEGATIONS POSSIBLE
21    REGARDING SERGEANT DANIELE AND LIEUTENANT SLADE'S KNOWLEDGE OR
22    AWARENESS OF THE CONSTITUTIONAL VIOLATIONS GIVING RISE TO THIS
23    CLAIM?
24         MR. BRUSTIN:  NO, YOUR HONOR, NOT AT THIS POINT.  I
25    THINK WITH THE SUPERVISORS, IN PARTICULAR, WE ARE AT AN
```

```
1        MR. BRUSTIN:  NO, YOUR HONOR.
2        MR. KEITH:  NO, YOUR HONOR.
3        THE COURT:  ALL RIGHT.  COUNSEL, THANK YOU VERY MUCH.
4        MR. BRUSTIN:  THANK YOU.
5        MR. KEITH:  THANK YOU.
6           (PROCEEDINGS CONCLUDED AT 2:09 P.M.)
7
8
9                    CERTIFICATE OF REPORTER
10       I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE
11   UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY
12   CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE
13   RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
14
15                    [signature: Diane E. Skillman]
16            DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
17                 THURSDAY, SEPTEMBER 15, 2016
```