UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMAL RASHID TRULOVE,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**THE CITY AND COUNTY OF SAN FRANCISCO** *et al.*,<br><br>    **Defendants.** | Case No.: 16-CV-00050 YGR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |

Plaintiff Jamal Rashid Trulove brings this action against six members of the San Francisco Police Department and the City and County of San Francisco (collectively, "Defendants"). Trulove's operative complaint alleges claims under 42 U.S.C. Section 1983 based upon: fabrication of evidence and *Brady* suppression (Count I), malicious prosecution (Count II), conspiracy (Count III), *Tatum* suppression (Count IV), and supervisory liability (Count V). Trulove has filed a Motion for Leave to Amend his Complaint (Dkt. No. 106) to add two additional defendants—Evans and Shouldice—to Counts I through IV, based upon defendants' recent discovery production of a San Francisco Police Department study ("SFPD Study") on shell casing dispersal. Based on this information, Trulove also seeks to amend to allege additional bases for supervisory liability (Count V) against existing defendants D'Amico and Johnson.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** the Motion for Leave to Amend Complaint.

**I.    APPLICABLE STANDARD**

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has held that requests for leave to amend should be granted with "extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*,

244 F.3d 708, 712 (9th Cir. 2001). The court considers the following factors in deciding whether to grant leave to amend: (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith; (3) whether the amendment will unduly prejudice the opposing party; and (4) whether the amendment is futile. *See Lockheed Martin Corp. v. Network Solutions,* 194 F.3d 980, 986 (9th Cir. 1999); *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II. DISCUSSION

The Court has considered the arguments presented by the parties and finds that the amendment was not filed with undue delay or requested in bad faith. Defendants produced the SFPD Study on November 18, 2016, and Trulove filed his motion on January 6, 2017. Trulove could not allege claims in good faith against John Evans and Ronan Shouldice until he received defendants' discovery production of the SFPD Study.

Defendants contend the proposed amendments would be futile. "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, __ F.3d __, No. 14-17111, 2017 WL 361934, at *6 (9th Cir. Jan. 17, 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). The Court does not find the proposed amendment to be futile under this standard. Courts generally defer consideration of challenges to the merits of a proposed amended pleading until after it is filed. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 538–39 (N.D. Cal. 2003) (citing *Miller*, 845 F.2d at 214). Defendants may challenge the new claims through a motion to dismiss.

The Court is cognizant that amendment of the complaint has the potential for prejudice to defendants under the current schedule. The schedule provides that non-expert discovery closes April 7, 2017, expert discovery closes May 19, 2017, and trial would begin October 30, 2017. Further, defendants have indicated they may move to dismiss the new claims if the complaint is amended. To the extent amendment of the complaint would create any prejudice under the current

schedule, the Court will consider an appropriate continuance of the discovery and trial dates if the anticipated motions to dismiss are denied.

**III. CONCLUSION**

For the foregoing reasons, Trulove's Motion for Leave to Amend Complaint is **GRANTED** as follows:

Trulove shall file and serve a Second Amended Complaint no later than **February 13, 2017**. However, the proposed Second Amended Complaint will not suffice. Instead, Trulove is **ORDERED** to file an amended complaint containing **only** the operative claims and defendants consistent, with the Court's prior order granting in part and denying in part Defendants' Motion to Dismiss First Amended Complaint. (Dkt. No. 86, "MTD Order.") Trulove's prior allegations and opposition to the motion to dismiss are preserved for appeal. The operative Second Amended Complaint should not require the Court to compare multiple documents to determine which claims, against which defendants, are at issue going forward.

Defendants are also cautioned, in light of their failure to file an answer to the First Amended Complaint consistent with the MTD Order (*i.e.*, by November 9, 2016), that future similar failures may be met with appropriate sanctions. Because this Order will not change the allegations against them, defendants Androvich, Hagen, McMillan and Trail shall file their answer to the Second Amended Complaint no later than **February 21, 2017**.

Defendants Evans and Shouldice shall respond to the allegations against them by **February 28, 2017**.

Defendants D'Amico and Johnson shall: (1) answer the allegations against them with respect to the previously alleged claims; and (2) file a response to the new allegations no later than **February 28, 2017**.

This terminates Docket No. 106.

**IT IS SO ORDERED**.

Date: February 9, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**