**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMAL RASHID TRULOVE,** | Case No.: 16-CV-050 YGR |
| Plaintiff, | **ORDER REGARDING PROPOSED JURY INSTRUCTIONS ON FABRICATION AND *BRADY* CLAIMS;** |
| Vs. | **SETTING SCHEDULE FOR SUMMARY JUDGMENT BRIEFING** |
| **THE CITY AND COUNTY OF SAN FRANCISCO, *ET AL*,** | |
| Defendants. | |

On September 19, 2017, the Court directed the parties to provide proposed jury instructions on the elements of the claims at issue in this action in anticipation of defendants' motion for summary judgment. (Dkt. No. 162.) The Court has reviewed the proposed instructions and objections, and heard the arguments of the parties on November 14, 2017. The Court, having carefully considered these submissions, **ORDERS** that the disputes as to the elements of the fabrication and *Brady* claims are resolved as set forth herein.

By their submissions on the proposed jury instructions, the parties' have preserved their arguments on the appropriate legal elements required to prove the claims discussed herein. The parties shall not re-argue these legal elements in their summary judgment briefing on these claims, but instead shall apply these elements to the evidence.

This Order is subject to modification at or before the time of the pretrial conference, including addition of clarifying and introductory instructions.

**1. Fabrication of Evidence Claim**

The Court finds that the following are the essential elements to be proved on plaintiff's 42 U.S.C. section 1983 claim for violation of his Fourteenth Amendment rights based upon fabrication of evidence:

To prove his fabrication of evidence claim against Defendant [_____], Jamal Trulove must prove, by a preponderance of the evidence, the following two elements:

**(1)** That Defendant [_____] deliberately fabricated evidence, by any one of the following three bases:

(A) That Defendant [_____] deliberately reported something he or she knew not to be true, or deliberately mischaracterized a witness statement, that caused Jamal Trulove to be convicted;

OR

(B) That Defendant [_____] continued the investigation of Jamal Trulove even though Defendant [_____] knew that Jamal Trulove was innocent, or was deliberately indifferent to his innocence;

OR

(C) That Defendant [_____] used investigative techniques that were so coercive and abusive that Defendant [_____] knew, or was deliberately indifferent, that those techniques would yield false information.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.

(2) The deliberately fabricated false evidence caused Jamal Trulove to be convicted.

The instruction hews closely to recent Ninth Circuit authority, as well as the Ninth Circuit's Model Jury Instruction 9.33. *See Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) ("To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty.") As the Ninth Circuit reiterated in *Spencer*, "'an interviewer who deliberately mischaracterizes witness statements in her investigative report . . . commits a constitutional violation.'" *Id.* at 798 (quoting *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010)). In *Spencer*, the Ninth Circuit was careful to note that "not all inaccuracies in an investigative report give rise to a constitutional claim," observing that "mere carelessness,"

"mistakes of tone," and errors on trivial details would not give rise to a claim. *Id.* at 798-99. The Court's instruction includes deliberateness and causation qualifiers that satisfy these concerns.

Likewise, the Ninth Circuit's jurisprudence has stated that aggressive or coercive interview techniques do not, without more, support a deliberate fabrication claim. *Devereaux v. Abbey*, 263 F.3d 1070, 1077 (9th Cir. 2001) (*en banc*). However, a fabrication claim is established by proof that "the interviewer knew or should have known that the alleged perpetrator was innocent, *or that the interview techniques employed were so coercive and abusive that the interviewer knew or should have known that they would yield false information.*" *Id.* (emphasis supplied). The Court's instruction adheres to this distinction.

The Court does not find that a separate instruction on suggestive identification is warranted. Such a theory is subsumed in the element of use of "investigative techniques that were so coercive and abusive that defendant knew, or was deliberately indifferent, that those techniques would yield false information."

### 2. Suppression of Evidence (*Brady*) Claim

The parties essentially agree on the elements of this claim, with one exception: whether the claim requires proof that the nondisclosed information was not available to plaintiff if exercising due diligence. The Court finds that due diligence is not an element that plaintiff must prove to establish the claim. "The prosecutor's obligation under *Brady* is not excused by a defense counsel's failure to exercise diligence with respect to suppressed evidence." *Amado v. Gonzalez*, 758 F.3d 1119, 1135 (9th Cir. 2014). The Ninth Circuit has found that imposing a due diligence requirement on the accused or his counsel would run counter to Supreme Court precedent in *Brady* and its progeny. *Id.* at 1136-37 (*citing Early v. Packer*, 537 U.S. 3, 8 (2002); and *Banks v. Dretke*, 540 U.S. 668, 691, 695 (2004)).

The Court therefore **ORDERS** that the due diligence element proposed by defendants will not be included as an element of the *Brady* claim.

//
//

### 3. Summary Judgment Briefing Schedule

As stated on the record at the November 14, 2017 hearing, and as set forth in the minutes, for the hearing, the Court Sets the schedule for Defendants' motion for summary judgment as follows:

Defendants' motion shall be filed no later than **January 5, 2018**;

Plaintiff's opposition shall be filed no later than **January 26, 2018**;

Defendants' reply shall be filed no later than **February 8, 2018**.

Hearing on the motion shall be set for **February 27, 2018**, at 2:00 p.m.

The previously set trial date of **March 5, 2018**, as well as all pretrial filing deadlines remain on calendar.

**IT IS SO ORDERED**.

Date: December 4, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**