DENNIS J. HERRERA, City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
MARGARET W. BAUMGARTNER, State Bar #151762
RENÉE L. ROSENBLIT, State Bar #304983
KELLY COLLINS, State Bar #277988
Deputy City Attorneys
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3859 [Baumgartner]
Telephone:    (415) 554-3853 [Rosenblit]
Telephone:    (415) 554-3914 [Collins]
Facsimile:     (415) 554-3837
E-Mail:          margaret.baumgartner@sfcityatty.org
E-Mail:          renee.rosenblit@sfcityatty.org
E-Mail:          kelly.collins@sfcityatty.org

Attorneys for Defendants
MAUREEN D'AMICO, JOHN EVANS,
MICHAEL JOHNSON, CARLA LEE,
ROBERT MCMILLAN and RONAN SHOULDICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL RASHID TRULOVE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, ET AL.,<br><br>　　　　Defendants. | Case No. 16-cv-00050-YGR<br><br>**DECLARATION OF ROBERT MCMILLAN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:　February 27, 2018<br>Time:　　　　 2:00 p.m.<br>Place:　　　　Courtroom 1, 4th Floor<br>　　　　　　　1301 Clay Street<br>　　　　　　　Oakland, CA<br><br>Trial Date:　　March 5, 2018 |

　　　　I, Robert McMillan, declare as follows:

1. I am currently retired from the San Francisco Police Department. In 2007 I was an Inspector assigned to both the Gang Task Force and Narcotics. I have personal knowledge of the facts

contained herein, except for those facts stated on information and belief, and as to those facts I believe them to be true.

2. I did not provide Latisha Meadows Dickerson with any information about the murder of Seu Kuka prior to her making her taped statement. For example, I did not mention or show her any information about the location of the murder, tell her that any other witness had talked about Kuka punching or knocking down the person that shot Kuka just before the shooting, nor that Kuka had been shot in the back. Rather, when she informed me during the interview about the gun that she had information about a Sunnydale murder, I did not ask her any substantive questions about what she knew at that time. I also did not tell her what I knew, which was limited.

3. The information that Meadows-Dickerson provided during her taped statement was not "fed" to her by me or anyone else. No other San Francisco Police Officer, including Michael Johnson, provided Meadows Dickerson with any information about the homicide investigation related to the murder of Kuka before she gave her statement. I believed then, and continue to believe, that she gave the statement from her own personal knowledge.

4. Johnson and I tape recorded the entirety of the substance of Latisha Meadows-Dickerson's statement related to the murder. I have reviewed the transcript of the tape recording, and I am not aware of any other statement she made regarding the Kuka murder and do not believe that she made any other statement. A copy of that transcript is attached hereto. I also had tape recorded her statement related to her possession of the gun, the crime for which we initially detained her, but that statement did not contain her statement regarding the Kuka murder.

5. I did not pressure or coerce Meadows-Dickerson into identifying Jamal Trulove as Kuka's shooter.

6. I did not speak to anyone at the District Attorney's Office about the Kuka murder except to the extent that I mentioned to the District Attorney assigned to the gun case that Meadows-Dickerson had provided information. I did not attempt to persuade anyone to obtain an arrest warrant for Trulove for the murder of Kuka. I also did not attempt to persuade anyone to prosecute Trulove for the murder. I believed then, and believe now, that I did not misrepresent Meadows-Dickerson's statement to anyone, and I certainly did not do so intentionally.

7. I never entered into any agreement to violate the constitutional rights of any suspect in the Kuka homicide case. I had no knowledge that anyone else did or intended to violate his constitutional right.

I declare under penalty of perjury under the laws of the State of California that the preceding declaration is true, and that this declaration was executed on December 23, 2017 in San Francisco, California.

_____
ROBERT MCMILLAN