DENNIS J. HERRERA, City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
MARGARET W. BAUMGARTNER, State Bar #151762
RENÉE L. ROSENBLIT, State Bar #304983
KELLY COLLINS, State Bar #277988
Deputy City Attorneys
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3859 [Baumgartner]
Telephone: (415) 554-3853 [Rosenblit]
Telephone: (415) 554-3914 [Collins]
Facsimile: (415) 554-3837
E-Mail: margaret.baumgartner@sfcityatty.org
E-Mail: renee.rosenblit@sfcityatty.org
E-Mail: kelly.collins@sfcityatty.org

Attorneys for Defendants
MAUREEN D'AMICO, JOHN EVANS,
MICHAEL JOHNSON, CARLA LEE,
ROBERT MCMILLAN and RONAN SHOULDICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL RASHID TRULOVE, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY AND COUNTY OF SAN FRANCISCO, ET AL., <br><br> Defendants. | Case No. 16-cv-00050-YGR <br><br> **DECLARATION OF MARGARET W. BAUMGARTNER IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Hearing Date: February 27, 2018 <br> Time: 2:00 p.m. <br> Place: Courtroom 1, 4th Floor <br> 1301 Clay Street <br> Oakland, CA <br><br> Trial Date: March 5, 2018 |

I, Margaret W. Baumgartner, declare as follows:

1.  I am a Deputy City Attorney assigned to this matter. I have personal knowledge of the facts contained herein, except for those facts stated on information and belief, and as to those facts I believe them to be true.

2.  I have attached to the Defendants' Request for Judicial Notice the entire trial transcript for both of Jamal Trulove's criminal trials, because plaintiff's claims under *Brady v. Maryland* and *Tatum v. Moody* require a finding that the information that the officers failed to disclose was material, meaning that in light of the record as a whole the evidence would have changed the outcome.

3.  Attached hereto as **Exhibit A** are true and correct copies of the pertinent pages of the deposition of Linda Allen. Plaintiff took the deposition of Linda Allen on April 6, 2017.

4.  Attached hereto as **Exhibit B** are true and correct copies of the pertinent pages of the deposition of Oliver Barcenas. The parties took the deposition of Oliver Barcenas on October 19, 2016.

5.  Attached hereto as **Exhibit C** are true and correct copies of the pertinent pages of the deposition of Joshua Bradley. Defendants took the deposition of Joshua Bradley on January 12, 2017.

6.  Attached hereto as **Exhibit D** are true and correct copies of the pertinent pages of the deposition of Maureen D'Amico. Plaintiff took the deposition of Inspector D'Amico on October 13, 2016.

7.  Attached hereto as **Exhibit E** is a true and correct copy of the search warrant and affidavit signed by Maureen D'Amico on August 8, 2007, along with the pages from her deposition authenticating the warrant.

8.  Attached hereto as **Exhibit F** is a true and correct copy of the arrest warrant affidavit, along with the pages from the depositions of Maureen D'Amico and Michael Johnson authenticating the warrant affidavit.

9.  Attached hereto as **Exhibit G** is a true and correct copy of the pertinent pages of the homicide investigation chronology, along with the pages from Maureen D'Amico's deposition authenticating the chronology.

10. Attached hereto as **Exhibit H** are true and correct copies of the pertinent pages of the deposition of John Evans. Plaintiff took the deposition of John Evans on June 7, 2017.

11. Attached hereto as **Exhibit I** are true and correct copies of the pertinent pages of the deposition of Priscilla Faleafaga (née Lualemaga). The parties took the deposition of Priscilla Lualemaga on February 13, 2017.

12. Attached hereto as **Exhibit J** is Ms. Lualemaga's written statement that she completed at Ingleside Station on the night of Seu Kuka's murder, along with the pages from her deposition authenticating her written statement.

13. Attached hereto as **Exhibit K** is a true and correct copy of the audio recording of the statement that Ms. Lualemaga made to Inspectors Johnson and D'Amico on July 24, 2007, the night of the murder, along with the pages from her deposition authenticating the audio recording. Also attached as Exhibit K is a transcript of that recording. I have reviewed the transcript, and although it is not 100% accurate, I have attached the transcript for ease of reference. Also attached as Exhibit K are the pages of Inspector D'Amico's deposition authenticating the interview.

14. Attached hereto as **Exhibit L** is a true and correct copy of the audio recording of the photo lineup conducted with Ms. Lualemaga on July 25, 2007, along with the pages from her deposition authenticating the audio recording. Also attached as Exhibit L is a transcript of the recording. I have reviewed the transcript, and although it is not 100% accurate, I have attached the transcript for ease of reference. Also attached are the pages of Inspector Johnson's deposition authenticating the interview.

15. Attached hereto as **Exhibit M** is a true and correct copy of the photo arrays (full size photos), along with the pages from the depositions of Priscilla Lualemaga and Michael Johnson authenticating the photo arrays.

16. Attached hereto as **Exhibit N** are true and correct copies of the pertinent pages of the deposition of Eric Fleming. Plaintiff took the deposition of Eric Fleming on April 5, 2017.

17. Attached hereto as **Exhibit O** is a copy of an email written by Linda Allen to Christopher Shea on January 18, 2010, regarding her conversation with Priscilla Lualemaga in preparation for trial. The email is part of the San Francisco District Attorney's Office file. It was

produced in this case as CCSF_TRULOVE_000801_SFDA, and marked as Exhibit 110 to Eric Fleming's deposition.

18. Attached hereto as **Exhibit P** are true and correct copies of the pertinent pages of the deposition of Michael Johnson. Plaintiff took the deposition of Inspector Johnson on April 4, 2017.

19. Attached hereto as **Exhibit R** are true and correct copies of the pertinent pages of the deposition of Malo Kuka. The parties took the deposition of Malo Kuka on July 18, 2017.

20. Attached hereto as **Exhibit S** are true and correct copies of the pertinent pages of the deposition of Carla Hurley (née Lee). Plaintiff took the deposition of Carla Hurley on October 24, 2016.

21. Attached hereto as **Exhibit T** are true and correct copies of the CAD audio recordings from the night of the murder, July 23-24, 2007, which are Bates-stamped CCSF_TRULOVE_001631_SFDA – CCSF_TRULOVE_001648_SFDA. Carla Lee authenticates the CAD audio recordings in her declaration, paragraph 6.

22. Attached hereto as **Exhibit U** are true and correct copies of the pertinent pages of the deposition of Robert McMillan. Plaintiff took the deposition of Inspector McMillan on February 22, 2017.

23. Attached hereto as **Exhibit V** is a true and correct copy of the incident report regarding the detention of Latisha Meadows, along with the pages from Inspector McMillan's deposition authenticating the report.

24. Attached hereto as **Exhibit W** is a true and correct copy of the audio recording of the interview with Latisha Meadows by Inspectors Johnson and McMillan on June 16, 2008, along with the pages from McMillan's deposition authenticating the interview. Also attached as Exhibit W is the transcription of the interview for ease of reference.

25. Attached hereto as **Exhibit X** is a true and correct copy of a memorandum written by Inspector McMillan regarding Latisha Meadows's statement, along with pages from his deposition authenticating the memo.

26. Attached hereto as **Exhibit** Y are true and correct copies of the pertinent pages of the deposition of Ellen Moffat. Plaintiff took the deposition of Ellen Moffat on August 30, 2017.

27. Attached hereto as **Exhibit Z** is a true and correct copy of the autopsy report written by Ellen Moffat, along with the pages from Moffat's deposition authenticating the report.

28. Attached hereto as **Exhibit AA** are true and correct copies of the pertinent pages of the deposition of Shawn Phillips. Plaintiff took the deposition of Shawn Phillips on February 3, 2017.

29. Attached hereto as **Exhibit BB** are true and correct copies of the pertinent pages of the deposition of Christopher Shea. Defendants took the deposition of Christopher Shea on May 31, 2017.

30. Attached hereto as **Exhibit CC** is a letter written by Christopher Shea to Christopher Morton, dated September 3, 2009, along with the pages from Shea's deposition authenticating the letter.

31. Attached hereto as **Exhibit DD** is Christopher Shea's Declaration in Support of Order for Use of Public Funds to Retain Expert, dated March 24, 2010, along with the pages from Shea's deposition authenticating the document.

32. Attached hereto as **Exhibit EE** are true and correct copies of the pertinent pages of the deposition of Ronan Shouldice. Plaintiff took the deposition of Ronan Shouldice on June 8, 2017.

33. Attached hereto as **Exhibit FF** is the 2001 Shouldice Memo that plaintiff asserts is Brady material, along with the pages from Shouldice's deposition authenticating the memo.

34. Attached hereto as **Exhibit GG** are true and correct copies of the pertinent pages of the deposition of Jamal Trulove. Defendants took the deposition of plaintiff on October 20, 2016.

35. Attached hereto as **Exhibit HH** are true and correct copies of the pertinent pages of the deposition of David Trulove. Defendants took the deposition of David Trulove on January 27, 2017.

36. Attached hereto as **Exhibit II** is a true and correct copy of the CAD event detail, along with the pages from Carla Lee's deposition authenticating the document. Also attached as Exhibit II is a transcription of the CAD audio recordings for ease of reference.

37. I have reviewed the transcripts from plaintiff's 2010 and 2015 criminal trials. Based on my review, Maureen D'Amico, Michael Johnson, Robert McMillan, and Carla Lee did not testify at either the first trial in 2010 or the second trial in 2015. Ronan Shouldice did not testify at the first trial. At the first trial, neither the District Attorney, nor plaintiff, introduced any opinion evidence related to positioning the shooter based on the shell casings found at the scene. During the second

1  trial, plaintiff called a witness, James Norris, to opine about shell casings. The District Attorney called
2  John Evans and Ronan Shouldice to rebut plaintiff's witness. At the second trial, plaintiff introduced
3  additional evidence concerning the suggestibility of identification procedures. The District Attorney
4  did not call any experts in the field of identification procedures.
5      I declare under penalty of perjury under the laws of the State of California that the preceding
6  declaration is true and correct.
7      Dated: January 5, 2018

                      */s/ Margaret W. Baumgartner*
                      MARGARET W. BAUMGARTNER