DENNIS J. HERRERA, City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
MARGARET W. BAUMGARTNER, State Bar #151762
RENÉE E. ROSENBLIT, State Bar #304983
KELLY COLLINS, State Bar #277988
Deputy City Attorneys
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:      (415) 554-3859 [Baumgartner]
Telephone:      (415) 554-3853 [Rosenblit]
Telephone:      (415) 554-3914 [Collins]
Facsimile:      (415) 554-3837
E-Mail:          margaret.baumgartner@sfcityatty.org
E-Mail:          renee.rosenblit@sfcityatty.org
E-Mail:          kelly.collins@sfcityatty.org

Attorneys for Defendants
MAUREEN D'AMICO, JOHN EVANS,
MICHAEL JOHNSON, CARLA LEE,
ROBERT MCMILLAN and RONAN SHOULDICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL RASHID TRULOVE, | Case No. 16-cv-00050-YGR |
| Plaintiff, | **[PROPOSED] JOINT JUROR QUESTIONNAIRE** |
| vs. | |
| THE CITY AND COUNTY OF SAN FRANCISCO, ET AL., | Trial Date:          March 5, 2018 |
| Defendants. | |

The parties proposed jury questionaire is attached hereto.  The parties' statements regarding their

positions on the three remaining questions in dispute follow:

**Defendants' Statement:**

During the meet and confer regarding this matter, plaintiff's counsel provided one case cite in response to defendants' request for authority for their position as to the specific questions, which defendants address below.  Until 10 minutes before the time to file this proposal, plaintiff's counsel never provided any other legal authority for their position.  Therefore defendants do not have sufficient time to address the cited cases.  As for the specific questions and disputes, defendants position is as follows:

**PROPOSED Question 10**:  Police officer credibility.  Plaintiff's proposal question implies that a jury should assess the crediblity of law enforcement officers differently from others.  Defendants' proposed question places the issue of credibility of law enforcement officers on the same plane as other witensses, but allows the parties to raise potential bias by the jurors.  Defendants' proposal is similar to that in the *Borges* matter.

The case cited by plaintiff to support his proposal involved jurors who were related to police officers.  We have no indication that is the case here.  And, subsequent cases have indicated that the issue can be addressed through instruction to the jury and other questions related to bias for or against law enforcement.  *See Paine v. City of Lompoc*, 160 F.3d 562 (1998).

**PROPOSED Question 13 – "Bending the Rules"** – This question implies that officers bend rules, and that the standard for liability in this case is that they have bent such rules.  That is not the case.  Defendants believe that the other questions are sufficient to elicit sufficient information about law enforcement bias, and any question on this issue is not necessary.  If the Court rules that a question should be asked on this issue, it should be far more neutral and track the actual issues in this case.  Defendants have submitted an alternative proposal in an abundance of caution, but do not believe that such a question is appropriate.

**Proposed Question 18:**  The City is not a party to this case, and defendants will be moving to exclude any reference to the City as a potential source of the payment of damages.  This question, by including the phrase "or what," leads to an implication that an entity, clearly the City, will be paying the damages.  Defendants believe that by excising the words "or what" eliminates that concern.

**Plaintiff's Statement:**

*Voir dire* is designed to protect the right to a fair trial "by exposing possible biases, both known and unknown, on the part of potential jurors." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984). Although district courts have broad discretion in terms of how to conduct *voir dire*, "[i]t is an abuse of discretion for the district court to refuse to probe the jury adequately for bias or prejudice about material matters on request of counsel." *Darbin v. Nourse*, 664 F.2d 1109, 1113–14 (9th Cir. 1981); *see also Pitasi v. Stratton Corp.*, 968 F.2d 1558, 1563 (2d Cir. 1992) (same); *United States v. Beckner*, 69 F.3d 1290, 1291 (5th Cir. 1995) *Fietzer v. Ford Motor Co.*, 622 F.2d 281, 286 (7th Cir. 1980) (reversing jury verdict in civil negligence case where district court "fail[ed] to sufficiently probe the jury," explaining that questions inquiring into jurors' past involvement in events similar to the topic of the case and knowledge of pre-trial publicity should have been given); *United States v. Beckner*, 69 F.3d 1290, 1291 (5th Cir. 1995) (similar).

The Court's practice of giving specialized jury questionnaires is consistent with the American Bar Association's endorsement of this best practice: "[i]n appropriate cases, the court should consider using a specialized questionnaire addressing particular issues that may arise." American Bar Association, *Principles for Juries and Jury Trials*, at 65 (2005) (Principle 11), *available at* http://aja.ncsc.dni.us/conferences/2010Annual/SpeakerMaterials/44%20-%20Mize%20ABA%20jury%20principles.pdf.

In particular, the ABA recommends that "[t]he court should permit the parties to submit a proposed juror questionnaire" and "[a]ll completed questionnaires should be provided to the parties in sufficient time before the start of *voir dire* to enable the parties to adequately review them before the start of that examination." *Id.* The Comments to Principle 11 explain that the "purpose of questionnaires is to shorten the time required for the *voir dire*, and thereby streamline the trial process." *Id.* at 70.

There are several benefits to providing questionnaires to counsel before *voir dire*. First, repetitive *voir dire* questioning can be minimized. Second, prospective jurors may be more willing to divulge sensitive information on the written form than to discuss the same information in open court. Third, the questionnaires, by providing relevant information early, permit the court and counsel to conduct a more focused *voir dire*.

*Id.*

The Federal Judicial Center has likewise long recommended the use of prescreening questionnaires to empanel a jury in a high-publicity case, noting that questionnaires can help the court and parties "make preliminary determinations" with respect to juror biases and "save time" in *voir dire*. Federal Judicial Center, *Handbook on Jury Use in the Federal District Courts*, at 54–55 (1989), *available at* http://www.fjc.gov/public/pdf.nsf/lookup/juryuse.pdf/$file/juryuse.pdf; *see also* Federal Judicial Center, Manual for Complex Litigation (Third) § 32.32, at 288 (1995) ("Jury questionnaires are frequently used . . . [and] helpful to counsel in preparing for voir dire of individual jurors and the exercise of peremptory challenges.").

**Law enforcement bias**

Searching *voir dire* is especially important in cases where, like this one, officer credibility is the key issue. The Ninth Circuit has instructed that, in a § 1983 case involving police misconduct, "the refusal to inquire on voir dire into the favorable bias jurors might accord the testimony of law enforcement constitutes an abuse of discretion" and can be reversible error. *Darbin*, 664 F.2d at 1115. *See also United States v. Coleman*, 552 F.3d 853, 858 n.1 & 860-61 (D.C. Cir. 2009) (failure to probe law enforcement bias is reversible error); *Butler v. City of Camden*, 352 F.3d 811, 816–19 (3d Cir. 2003) (granting new trial in § 1983 excessive force case where district court failed to conduct adequate *voir dire* on law enforcement bias).

Plaintiff has proposed several different questions to attempt to elicit potential law enforcement bias. Question 10 reads as follows: "Would you tend to give more or less weight to the testimony of a witness who is a law enforcement officer or prosecutor than other witnesses?" This proposal is almost word-for-word the question the plaintiff requested in *Darbin*, and which the Ninth Circuit held it was

reversible error to fail to include: "Darbin requested that the court ask the prospective jurors whether they would view the testimony of a law enforcement officer as inherently more credible than that of a lay witness. We have held that when important testimony is anticipated from government officials, and specifically law enforcement officers, the inquiry requested by Darbin must be made, if requested." *Darbin*, 664 F.2d at 1114. Defendants' formulation is unclear and confusing, and will be less likely to elicit relevant information. Plaintiff has also proposed Question 13, surveying potential jurors' opinion on the following proposition: "Sometimes law enforcement officers or investigators need to be able to bend the rules to catch those who commit violent crimes." Information about law enforcement bias could be difficult to ascertain, and Defendant's proposal, asking jurors about whether law enforcement officers "intentionally violate the law", will not elicit information on nuanced biases that potential jurors may hold.

Plaintiff's questions are clear, and provide avenues to elicit potential pro-law enforcement bias in the venire that may be explored further in voir dire. Such bias could be extensive enough to require that the juror be excused for cause, or it could provide the basis for a peremptory challenge. Alternatively, it could merely highlight issues on which it is critical that the Court provide instructions and ensure the jurors will be able to follow the law.

**Personal financial interest**

A juror is presumed biased and may not serve if he has "even a tiny financial interest in the case." *United States v. Polichemi*, 219 F.3d 698, 704 (7th Cir. 2000); *see also Caterpillar Inc. v. Sturman Industries, Inc.*, 387 F.3d 1358, 1371–73 (Fed. Cir. 2004) (same); *Gladhill v. Gen. Motors Corp.*, 743 F.2d 1049, 1050 (4th Cir. 1984) ("That a stockholder in a company which is party to a lawsuit is incompetent to sit as a juror is so well settled as to be black letter law.") (internal citation and quotation omitted); *Getter v. Wal-Mart Stores, Inc.*, 66 F.3d 1119, 1122 (10th Cir. 1995) (holding district court abused its discretion by failing to dismiss juror whose "financial well-being was to some extent dependent upon defendant's" and therefore must be "presume[d] bias[ed]").

The Ninth Circuit has also recognized that even a small or perceived financial interest in a lawsuit could be a source of juror bias. First, in *Washington Public Utilities Group v. U.S. District Court for the Western District of Washington*, 843 F.2d 319 (9th Cir. 1987), the Ninth Circuit found the district court was within its discretion to take the extraordinary step of transferring venue from Washington to Arizona in a case regarding a defaulted public utilities bond. The court had found that all jurors in the Washington district had a financial interest in the outcome of the action because "many were concerned that a judgment against the utility defendants in this case would affect their utility rates." Id. at 327. Similarly, in a suit over the location of the Raiders football team, the Ninth Circuit acknowledged the potential for juror bias "premised on the economic interest through lower taxes and business generation that residents of the Central District of California purportedly would have in the Raiders' presence in the L.A. Coliseum," but held this potential bias was adequately addressed where: "all the jurors were questioned during voir dire on their potential for any financially motivated bias and the judge was satisfied with the jurors' responses to his questions." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 726 F.2d 1381, 1400 (9th Cir. 1984).

Here, particularly where a damages verdict could easily top $10 million and many of the jurors may be San Francisco residents (and taxpayers), it is vital that the Court voir dire on any bias potential jurors may have about any damages award affecting them personally. By law, San Francisco will pay any judgment issued against the individual defendants; many jurors will know or suspect that even if it is never mentioned by the parties. Merely instructing the jurors not to consider who will be paying when awarding damages (as the Court should also do) is wholly insufficient; the Court must ask sufficient questions on this topic during voir dire to identify potentially disqualifying bias and prevent biased venire members from serving on the jury. Therefore, the inclusion of the language "or what" in Plaintiff's Question 18 seeks to elicit information on potential financial biases individuals may hold based on perceptions of how a verdict would impact their status as San Francisco residents and

taxpayers. Plaintiff has already modified this question to make it much more opaque than its original

formulation, out of deference to Defendants' concerns about indicating to jurors who would be

responsible for paying a verdict in this case; however, Defendants' formulation is insufficient to get at

relevant potential bias.


Dated:  January 10, 2018

DENNIS J. HERRERA
City Attorney
CHERYL ADAMS
Chief Trial Deputy
MARGARET W. BAUMGARTNER
RENÉE E. ROSENBLIT
KELLY COLLINS
Deputy City Attorneys


By: _/s/_ _Margaret W. Baumgartner_____
MARGARET W. BAUMGARTNER

Attorneys for Defendants
MAUREEN D'AMICO, JOHN EVANS,
MICHAEL JOHNSON, CARLA LEE,
ROBERT MCMILLAN and RONAN SHOULDICE

/s/Anna Benvenutti Hoffmann
Anna Benvenutti Hoffmann
NY Bar No. 4412011
(pro hac vice)
*One of Plaintiff Jamal Trulove's Attorneys*

Case No. **16-cv-00050-YGR**

# JUROR QUESTIONNAIRE

### Please PRINT your answers

To Be Completed by Jurors called to the Courtroom of the Hon. Yvonne Gonzalez Rogers for the Trial of:

*Jamal Trulove v. Michael Johnson et al.,*      **Case Number:  16-cv-00050-YGR**

**Name:**_____ **Age:**_____ **Birthplace:** _____

**Residence:**_____ Years:_____ Prior Residence:_____ Years: _____

**Education:** Highest Grade Completed:_____ Degrees: _____

College/Vocational Schools attended:_____ Areas of Study: _____

_____

**Current Occupation/Position**:_____ Length of Service: _____

Employer: _____

Describe Any Supervisory Roles: _____

**Prior Occupation/Position:**_____ Length of Service: _____

Employer: _____

Describe Any Supervisory Roles: _____

**Current Status** (Circle):  Single (living alone/with others)      Married      Separated      Divorced      Widowed

**Occupation & Employer of Adults Living in the Same Household**: _____

_____

**Children:** Age(s)_____ Occupation(s) if employed: _____

_____

**Is English your first language?** YES ☐   NO ☐   IF NO, do you use it regularly at work or home? YES ☐ NO ☐

**Do You OR any CLOSE Family/Friends have military, criminal forensics or medical training, including in mental health?** YES ☐ NO ☐

If yes, describe: _____

**Have you OR any CLOSE family/friends ever worked in or had training in law enforcement (e.g. Sherriff's Dep't, Highway Patrol, SFPD, TSA, FBI, Probation Agent, California Dep't of Corrections, etc.)?** YES ☐   NO ☐

If yes, describe: _____

1

**Have You Ever Served on a Jury?  Circle:  YES      NO      Number of times:____Date(s) of Service: ___**

Circle:    State Court   Federal Court    Both          Circle:  Civil Case       Criminal Case       Both
Did each jury reach a verdict?   YES □   NO □   Have you ever served as Foreperson?   YES □   NO □

**1.  What source of news do you use on a regular basis (Facebook, Twitter, Fox News, SF Chronicle, etc.)?**
Please describe: _____

**2.  Jamal Trulove was convicted of the July 2007 San Francisco murder of Seu Kuka. He was acquitted at retrial in 2015.  In this suit, he claims that San Francisco Police Department officers Michael Johnson, Maureen D'Amico, Robert McMillan, John Evans, Ronan Shouldice, and Carla Lee Hurley violated his constitutional rights and caused him to be wrongly convicted and that he is innocent.  Defendants deny that they violated his constitutional rights or caused him to be wrongfully convicted.  Have you heard or read anything about the criminal trials, and/or release of the plaintiff, Jamal Trulove, about any of the parties, or about this civil action?**
Please describe: _____

**3.  What specific groups or organizations are you a part of (civic, social, religious, volunteer, social justice, political, etc.)?**
Please describe: _____

**4. Do you OR any CLOSE family/friends have experience in conducting any kind of investigation?** YES □ NO □
If yes, describe: _____

**5. Have you OR any CLOSE family/friends been victims of or eyewitnesses to violent crimes?** YES □   NO □
If yes, describe: _____

**6.  Do You OR any CLOSE family/friends have any experience with urban crime or gangs?** YES □   NO □
If yes, describe: _____

**7. Have you ever been convicted of a felony?** YES □   NO □
If yes, provide basic details: _____

**8. Have you ever testified in any court proceeding or been a plaintiff or defendant in a civil suit?** YES □  NO □

If yes, describe: _____

**9. This trial involves a shooting death and will include graphic photos of the murder victim.**  Do you have any reason to believe that you will not be able to consider this evidence in a fair and impartial manner?

YES □   NO □

**PLAINTIFF PROPOSES/DEFENDANT OBJECTS**

**10. Would you tend to give more or less weight to the testimony of a witness who is a law enforcement officer or prosecutor than other witnesses? More □ Less □ Equal □**

Please explain: _____

2

**DEFENDANT PROPOSES AS AN ALTERNATIVE/PLAINTIFF OBJECTS**

**10.  The judge will be giving you an instruction regarding some factors that you should consider when evaluating the credibility of witnesses.  The instruction applies equally to both law enforcement and non-law enforcement witnesses.  Do you have any concern about following this instruction?**

Please explain: _____

**11. DEFENDANTS PROPOSE:  Circle if you have STRONG opinions on any of the following institutions/topics:**

| | | |
|---|---|---|
| San Francisco Police Department | Law Enforcement generally | Criminal justice system |
| Social justice organizations | Number of law suits | Amount of civil damages awards |
| Reliability of scientific evidence | Reliability of eyewitnesses | Media treatment of law enforcement |

**PLAINTIFF PROPOSES THE FOLLOWING IN LIEU OF SOME OF THE RELATED TOPICS ABOVE:**

Finish the following sentence by circling an answer:

**12.  In general, I think that media treatment of law enforcement officers or agencies is:**

   Too critical     Not critical enough     Balanced     No opinion     Other

Please explain: _____

**PLAINTIFF PROPOSES/DEFENDANT OBJECTS to the following question:**

**13. Sometimes law enforcement officers or investigators need to be able to bend the rules to catch those who commit violent crimes.**

   Strongly Agree          Agree          Disagree          Strongly Disagree          No Opinion

Please explain: _____

**DEFENDANT OBJECTS AND PROPOSES AS AN ALTERNATIVE /PLAINTIFF OBJECTS to the following question:**

**13. Law enforcement officers intentionally violate the law or rules that apply to them when investigating those who commit violent crimes _____.**

   Always          Sometimes          Never          I don't know/No Opinion          Other

Please explain: _____

**14.  In general, the police are doing _____ to control urban crime.**

   Too much               Just the right amount          Too little      I don't know/No Opinion      Other

Please explain: _____

**15.  Do you have any personal, moral, political, religious, or other concern that might cause you to question the validity of scientific evidence?** YES ☐ NO ☐

Please explain: _____

**Please circle an answer:**

3

**16.  Eyewitness testimony is reliable.**

　　　Strongly Agree　　　Agree　　　Disagree　　　Strongly Disagree　　　No Opinion

Please explain: _____

**17. In general, I think damages awards from civil lawsuits are:**

Too high　　　　　Too low　　　Just rights　　I'm not sure/no Opinion　　　Other

Please explain: _____

**18. In the event you find any defendant liable, you will have to decide the amount of damages, as instructed by the Court. Among other things, the judge will instruct you that you are not permitted to consider who or what will pay the damages award in determining the amount.  Do you have any personal, moral, political,**

**religious or other concerns that might make it difficult for you to follow this instruction?** YES ☐　　NO ☐

If yes, describe: _____

**DEFENDANTS OBJECT TO THE INCLUSION OF "OR WHAT" IN THE ABOVE QUESTION**

**19. Is there any other issue you would like to discuss with the judge regarding your ability to serve as a juror in this case?**

If YES, please describe briefly: _____

_____

**The following is a list of potential witnesses and persons affiliated with the case.  CIRCLE any names of those who you know or with whom you are personally familiar:  TO BE FILLED IN BY THE PARTIES**

| Individuals | Individuals Cont'd. |
|---|---|
|  |  |
|  |  |
|  |  |
|  | **Entities** |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT.**

**SIGNATURE:** _____  **DATE:** _____

4