1

2

3     UNITED STATES DISTRICT COURT

4     NORTHERN DISTRICT OF CALIFORNIA

5

6     **JAMAL RASHID TRULOVE**,                    **Case No. 16-cv-050 YGR**

                Plaintiff,

7                                                  **PRETRIAL ORDER NO. 1 RE: INITIAL**
                                                   **PRETRIAL CONFERENCE**
        v.

8

9     **MAUREEN D'AMICO, MICHAEL JOHNSON,**
      **ROBERT MCMILLAN, JOHN EVANS, AND**
      **CARLA LEE,** *ET AL*,

10

11              Defendants.

12          Having considered the filings to date and the arguments and other submissions at the

13    Pretrial Conference, held on February 16, 2018, for good cause shown the Court **ORDERS** as

14    follows:

15          1.     **Trial Date and Schedule:**   The trial of this matter is confirmed to proceed in

16    Courtroom 1.  Jury Selection shall begin at beginning at 9:00 a.m. on **March 8, 2018,** with juror

17    questionnaires and hardships.  Oral voir dire shall proceed the next day with opening statements to

18    begin on Monday, March 12, 2018.  All trial days shall begin at 8:30 a.m. with the jury.  Counsel

19    shall arrive in court early enough to proceed promptly at 8:00 a.m.  Trial schedule will be Monday

20    through Friday, from 8:30 a.m. to 1:30 p.m. with two fifteen minute breaks except for March 23

21    and March 30, 2018, which shall be dark.

22          2.     **Additional Hearing Time During Trial:** Additional time may be scheduled for

23    matters outside the presence of the jury as necessary and determined by the Court.  Sidebars are

24    not permitted.  Counsel should be prepared to anticipate issues so that they may be addressed

25    outside of normal trial hours.  In this regard, Counsel should also be prepared to reconvene with

26    the Court after the Court's standing calendars which normally begin at 2:00 p.m.

27          3.     **Further Pretrial Conference:** The Court sets the next pre-trial conference for

28    **March 2, 2018, at 9:00 a.m.**

4. **Standard Motions *in Limine*:** The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists. The Court's rulings on the filed motions shall be set forth in a separate order. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

5. **Procedural Stipulations**: Attached hereto as Exhibit A is an outline of stipulations. To the extent agreed upon, the parties shall file said document by March 1, 2018.

6. **Witnesses:** The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

7. **Exhibits and Exhibit Lists:** The parties are limited to using the Exhibits on the Exhibit List. No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.

The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

8. **Equipment:** Projectors, screens, and similar equipment must be tested in the courtroom prior to the day when they will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540, as to an appropriate time for so doing. The parties shall submit requests and proposed forms of order specifically identifying any equipment or supplies to the courthouse. *See* Civ. L.R. 77-5 generally allows the Court to make orders or impose requirements reasonably necessary to assure security of the Court.

9. **Use of Wireless Sound System:** Parties may use an encrypted digital wireless system that includes a receiver and transmitter with XLR connector.

10. **Jury Computer:** A stripped down computer will be available for jurors to view

1    any electronic copies of evidence.  For additional information see: http://cand.uscourts.gov/jurypc.

2        11.    **Jurors and Peremptory Challenges:**  The Court will seat a total of nine (9)

3    jurors and no alternates.  The Court sets the number of peremptory challenges at four (4).  *Batson*

4    motions must be made in a timely fashion.  Argument on the same shall be made outside the

5    presence of the jury panel.

6        12.    **Opening Statements:**  Parties must meet and confer to exchange any visuals,

7    graphics or exhibits to be used in opening statements.  Unless otherwise agreed, the exchange

8    must occur no later than the close of business on the Wednesday before trial.  Any objections not

9    resolved must be filed in writing by the Thursday.  The Court shall discuss the issues with counsel

10   on Friday.  The parties are reminded that the purpose of an Opening Statement is not to argue the

11   facts but to provide the jurors with an outline of what each side expects the evidence will show.

12       13.    **Expert Disclosures/Fed. R. Civ. P. 68 Offers:**  Counsel shall lodge with the

13   Court on the first day of trial two copies of all expert disclosures, including any supplements, as

14   well as all offers of judgment made under Fed. R. Civ. P. 68.

15       14.    **Doe Defendants**:  All Doe defendants will be deemed dismissed once the jury, or

16   first witness, is sworn, whichever occurs first.

17       15.    **Depositions to be Used at Trial:**  Any party intending to use a deposition

18   transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if,

19   for any reason, the original is not available) for use by the Court *and* shall have extra copies

20   available for use by him/herself *and* the witness.  All other parties are expected to have their own

21   copies available.   The parties shall each prepare and provide an index of the lodged transcripts

22   and shall review the same with the courtroom deputy upon lodging the transcripts.  Before each

23   trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may

24   be used that day.

25       16.    **Video Depositions at Trial:**  A video deposition may only be shown after the

26   designations, counter-designation and objections are resolved.  A transcript shall be provided of

27   the portions played to the jury.  The court reporter shall be relieved of her duties to transcribe that

28   portion of the trial. In lieu of the court reporter's transcription, the parties shall provide the court

reporter that portion of the transcript used during the trial on the day it was used so that it can be attached to the transcript for that day.

17. **Witnesses at Trial:** The party presenting evidence shall give the other party twenty-four (24) hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

18. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, they may do so when the jury is out at the next break.

19. **Jury Questions:** The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

20. **Punitive Damages:** If the jury will be asked to consider punitive damages, the following additional orders apply:

a. The punitive phase shall be bifurcated. Liability on punitives shall be determined in advance of any damages phase.

b. Defendants shall lodge all relevant financial data to the Court in a sealed envelope no later than **March 9, 2018**;

c. Counsel shall have all witnesses who will be called to testify regarding the financial status of the relevant party (*e.g.*, to authenticate relevant documents, etc.) available on one (1) hour notice once jury deliberations begin; and

d. The parties shall meet and confer regarding written stipulations to streamline this phase of the case.

21. **Requests for Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) no later than **March 2, 2018**, if they will request full daily transcripts so that additional staff can be arranged. Requests during the trial for ad hoc portions of the transcript will be provided no later than 48 hours after the request.

22. **Further Settlement Conference/Mediation:** The parties shall confer with Magistrate Judge Spero by **February 28, 2018**.

23. **Settlement:** Counsel shall promptly notify the Court by phone and email (for after hours, use: ygrchambers@cand.uscourts.gov) of any settlement. The notification shall indicate what further steps need to be taken to finalize the settlement. Unless the Court receives notice of settlement by 4:00 p.m. on **March 8, 2018**, jury costs will be assessed where the parties do not proceed to trial as scheduled. Civ. L.R. 40-1. Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

24. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

During voir dire you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

25. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

26. **Other Orders:** As discussed on the record at the initial pretrial conference, Counsel are to meet and confer and submit further information to the Court as follows:

a. **By February 23, 2018, the parties shall provide:**

- stipulations of facts, including facts as to underlying proceedings;
- proposed jury instruction on the redaction of documents and use of "John Doe" during the

5

1  trial**;**

2  • plan for witness Meadows, including any need for an evidentiary hearing in advance of

3  testimony;

4  • identification of adverse witnesses for purposes of examination; and

5  • statement of case to be read to the jury during voir dire and again during the Court's initial

6  instructions.

7  o **By March 2, 2018, the parties shall provide:**

8  • transcripts of any audio to be used in trial;

9  • revised Trial Exhibit list, in chronological order with two columns for the Courtroom

10  Deputy to track when the exhibit was used in court, and when it was admitted. The parties

11  shall both file and sent as Word version to the proposed order email.

12  • A list of all "bad acts" and the foundation for each.

13  **IT IS SO ORDERED.**

14  Dated: February 22, 2018

15  _____

16  **YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

17

18

19

20

21

22

23

24

25

26

27

28