DENNIS J. HERRERA, City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
MARGARET W. BAUMGARTNER, State Bar #151762
RENÉE E. ROSENBLIT, State Bar #304983
KELLY COLLINS, State Bar #277988
Deputy City Attorneys
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3859 [Baumgartner]
Telephone:    (415) 554-3853 [Rosenblit]
Telephone:    (415) 554-3914 [Collins]
Facsimile:    (415) 554-3837
E-Mail:       margaret.baumgartner@sfcityatty.org
E-Mail:       renee.rosenblit@sfcityatty.org
E-Mail:       kelly.collins@sfcityatty.org

Attorneys for Defendants
MAUREEN D'AMICO, JOHN EVANS,
MICHAEL JOHNSON, and
ROBERT MCMILLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL RASHID TRULOVE,<br><br>      Plaintiff,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, ET AL.,<br><br>      Defendants. | Case No. 16-cv-00050-YGR<br><br>**PROPOSED SUPPLEMENTAL JOINT JURY INSTRUCTION RE: JOHN DOE AND BURDEN OF PROOF**<br><br>Trial Date:        March 12, 2018 |

Supp. Jt. Jury Instructions
Case No. 16-cv-00050-YGR

1

n:\litigation\dsilver\022318_john doe redactions burden instructions (004).docx

## WITNESS IDENTIFIED AS JOHN DOE

In this case, there will be a person referred to in various testimony as John Doe. The fact that this person is identified in this way is not evidence, and you should not consider it for any purpose.

*Source*: CALCRIM 123.

*Date submitted*: February 23, 2018

**REDACTED DOCUMENTS**

In this case, some documents admitted into evidence will contain redactions or will substitute the name "John Doe" for another name. "Redaction" means portions of the documents will be blacked out. The redactions and substitutions are not evidence of anything, and should not be considered for any purpose.

*Date submitted*: February 23, 2018

Supp. Jt. Jury Instructions
Case No. 16-cv-00050-YGR

3

n:\litigation\dsilver\022318_john doe redactions burden instructions (004).docx

# REVISED MODEL JURY INSTRUCTION 1.6 ON BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

This is different from the burden of proof in a criminal case, where the prosecutor must prove the case "beyond a reasonable doubt."

This is a civil case, not a criminal case. Therefore, the party with the burden of proof in this case must prove the claim by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

*Date submitted*: February 23, 2018

Dated: February 23, 2018                    NEWFELD, SCHEDK, AND BRUSTIN, LLP

                                            By: */s/Nick J. Brustin*
                                                NICK J. BRUSTIN
                                                Pro Hac Vice Attorneys for Plaintiff

Dated: February 23, 2018                    By: */s/Anna Hoffman*
                                                ANNA HOFFMAN
                                                Attorney for Plaintiff

Dated: February 23, 2018                    By:*/s/Margaret W. Baumgartner*
                                                MARGARET W. BAUMGARTNER
                                                Attorney for Maureen D'Amico, John
                                                Evans, Michael Johnson, and Robert
                                                McMillan