UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMAL RASHID TRULOVE**,<br><br>Plaintiff,<br><br>v.<br><br>**MAUREEN D'AMICO, MICHAEL JOHNSON, ROBERT MCMILLAN, AND JOHN EVANS,** *ET AL*,<br><br>Defendants. | **Case No. 16-cv-050 YGR**<br><br>**ORDER RE: MOTIONS TO EXCLUDE EXPERT TESTIMONY**<br><br>Dkt. No. 169, 171, 173, 174 |

Pending before the Court are the motions of plaintiff Jamal Trulove to exclude expert testimony of two retained experts, Anthony Brass and Craig Fries (Dkt. Nos. 169 and 173), as well as his motion to exclude certain unretained experts (Dkt. No. 174).[1] Also pending before the Court is the motion of defendants Maureen D'Amico, *et al.,* to exclude plaintiff's retained experts, Pezdek, Norris, Trainum, and Kruger. (Dkt. No. 171.) Having carefully considered the papers submitted in support and in opposition, and the arguments of the parties, the Court rules as follows:

**I. PLAINTIFF'S MOTION TO EXCLUDE BRASS (DKT. NO. 169)**

The motion is **GRANTED**. Defendants' expert disclosure identified Anthony Brass, a former San Francisco district attorney, for the purpose of offering three opinions: (1) the sufficiency of the evidence of plaintiff's guilt and probable cause to charge him; (2) whether certain evidence was *Brady* material; and (3) whether there was probable cause to proceed with a retrial of plaintiff after his conviction was vacated by the Court of Appeal. Brass confirmed at his

---

[1] The Court notes that plaintiff's motion to exclude portions of Dr. Joanna L. Berg's expert testimony was denied as moot by Order issued December 5, 2017. (Dkt. No. 219.)

1   deposition that these were the areas of his opinions.  All three disclosed areas of testimony are

2   legal conclusions as to the ultimate issues in the case and impermissible subjects for expert

3   testimony.  *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1214 n.11 (9th Cir. 2008) (holding

4   district court abused its discretion when it allowed expert to offer legal conclusion on existence of

5   probable cause); *United States v. Lockett*, 919 F.2d 585, 590 (9th Cir. 1990) ("A witness is not

6   permitted to give a direct opinion about the defendant's guilt or innocence.").  Likewise, to the

7   extent Brass's opinions are offered on the subject of whether a prosecutor would find any witness

8   credible, such opinions are impermissible.  *See United States v. Candoli*, 870 F.2d 496, 506 (9th

9   Cir. 1989) ("[A]n expert witness is not permitted to testify specifically to a witness' credibility or

10  to testify in such a manner as to improperly buttress a witness' credibility."), *accord Reed v.

11  Lieurance*, 863 F.3d 1196, 1209 (9th Cir. 2017).  To the extent that defendants' contend in their

12  opposition that Brass can testify to other areas of expertise, his disclosure and deposition did not

13  address those subjects of testimony.  The Court therefore excludes his testimony.

## II.  PLAINTIFF'S MOTION TO EXCLUDE FRIES (DKT. NO. 173)

The motion is **GRANTED**.  Defendants offered Craig Fries to opine on the meaning of the physical and forensic evidence to offer a bullet trajectory analysis, and to conclude how the shooting occurred.  His report offered thirteen specific conclusions "to a reasonable degree of scientific certainty" as to how the shooting occurred and the significance of the shell casing locations.  It also critiqued the opinions offered by plaintiff's experts regarding the shell casings and description of the shooting.

Fries is a computer animator with no science background, and no medical or forensic education or training.  He used computer software to create crime scene reconstructions based on basic principles of mathematics and physics (fields also not within his expertise).  Defendants contend that he should be able to offer his opinions based on information he analyzed in the autopsy reports, photos, testimony, and CSI reports.  However, he offers opinions which extend beyond the simply turning the data he reviewed into a visual form.  His opinions and illustrations require inferential leaps from that evidence, and such leaps require greater expertise than he possesses. (*See* Plaintiff's Exh. I in support of the motion, Melinek Report, ¶¶ 10-32.)  Fries'

testimony is inadmissible because he lacks the relevant qualifications to support the conclusions and opinions he offers. *See Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 839 (9th Cir. 2011) (holding district court may properly exclude expert who offers opinions outside "the reasonable confines of his subject area" without even evaluating the reliability of his methods); *cf. People of the Territory of Guam v. Reyes*, 879 F.2d 646, 650–51 (9th Cir. 1989) (opinion as to position of victim and bullet trajectory based on entry and exit wounds, location of bullet hole, distances involved is properly the subject of testimony from forensic pathologist); *Flores v. McDonald*, No. CV 09-5780 GW AJW, 2014 WL 102343, at *15 (C.D. Cal. Jan. 7, 2014) (forensic pathologist is qualified to testify about bullet trajectories).

Fries also fails to provide a coherent explanation of his methodology and how it would permit him to reach the conclusions he offers. In response to the motion, defendants did not offer any treatise, peer reviewed article, or other evidence to indicate that the conclusions Fries reaches are reliable.

Moreover, presented as expert opinions, his conclusions and illustrations offer too great a potential to mislead and confuse the jury. While the Court agrees that some amount of illustration of the crime scene and witness testimony would aid the jury's understanding, representing to a jury that Fries' conclusions are based upon expert analysis of the underlying data, when the proffered expert lacks the scientific expertise to reach such conclusions reliably, is impermissible. Fries' testimony is excluded.

## III. PLAINTIFF'S MOTION TO EXCLUDE UNRETAINED EXPERTS (DKT. NO. 174)

The motion is **GRANTED**. The Court first notes that defendants did not oppose the motion to exclude the testimony of Officers Daniel Chui and Eric Perez, and the motion is **GRANTED** on that basis. In addition, the testimony defendants seek to offer from Sergeant Kyra Delaney and Chief Toney Chaplin is excluded on the grounds that defendants failed to disclose these experts timely or provide full expert reports as required by Federal Rule of Civil Procedure 26(a)(2).

Rule 26(a)(2)(B) provides that, "[u]nless stipulated or ordered by the court, [the disclosure of the identity of witnesses pursuant to Rule 26(a)(2)(A)] must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed

3

to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed.R.Civ.P. 26(a)(2)(B); *cf. Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6-7 (1st Cir. 2011) (expert is not "retained or specially employed" if opinions are based upon personal knowledge and observations in the events giving rise to the litigation). Witnesses not expressly required by Rule 26(a)(2)(B) to provide a full written report must nevertheless be disclosed timely with a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). "Rule 37(c)(1) gives teeth to [these requirements] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir.2001). Rule 37(c)(1) provides a sanction for failure to comply with the disclosure requirements of Rule 26(a). *See* Fed R. Civ. P. 37 advisory committee's note, 1993 Amendments. The sanction of exclusion is "self-executing" and "automatic." *Yeti by Molly,* 259 F.3d at 1106 (quoting advisory committee's note). In determining whether this sanction should be imposed, the burden is on the party facing the sanction to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless. *See Yeti by Molly, Ltd.,* 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.").

Here, the deadline to disclose expert reports was July 28, 2017. On that date, defendants served expert disclosures listing Chaplin and Delaney as unretained experts, but did not summarize all the facts and opinions on which they were prepared to testify, as required under Rule 26(a)(2)(C). Chaplin was a person with "duties as the party's employee [that] regularly involve giving expert testimony," and who therefore was required under Rule 26(a)(2)(B) to provide a formal written report of his opinions. S*ee Torres,* 548 F.3d at 1213 (trial court abused discretion by allowing "gang specialist" who regularly provided expert opinions about gangs "to testify without providing a written expert report"). Neither Chaplin nor Delaney had any personal knowledge about the events giving rise to the litigation, but were only given information later and asked to form opinions "solely for the purposes" of the litigation. *Cantu v. United States*, No. CV1400219MMMJCGX, 2015 WL 12743881, at *5 (C.D. Cal. Apr. 6, 2015) ("[T]he critical distinction between retained and non-retained experts is the nature of the testimony the expert will

4

provide, and whether it is based only on percipient knowledge or on information reviewed in anticipation for trial."). Both Chaplin and Delaney were witnesses "specially employed" to provide expert testimony in this matter, and required to provide reports under Rule 26(a)(2)(B). *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 819–20 (9th Cir. 2011) (holding parties must produce expert reports for opinions developed for the purposes of the litigation).

Having failed to comply with the rule, the burden shifts to defendants to show their failure to comply with the rules was justified, or that it was harmless. Defendants have failed to do so. Plaintiff was prejudiced in his ability to depose these proffered experts or to rebut their testimony. Plaintiff was required to depose all four of the proposed unretained experts, only to find that defendants withdrew two of the disclosed witnesses, and did little to prepare the other two to testify as to their opinions and the basis for them. (*See, e.g.*, Plaintiff's Exh. A in support of motion [Delaney Depo.] at 20:21– 21:2 ("I can't tell you an answer because I haven't been asked my opinion, so I can't—I didn't come in here with some set statement of opinions. I didn't have an itemized opinion list.").) The opportunity to depose these witnesses without a clear explanation in advance for the opinions they would offer, and the basis for those opinions, completely undercut the purposes of expert discovery. To the extent these two proposed experts were offered to testify as to the existence of probable cause, such opinions are an improper subject of expert testimony. *See Torres*, 548 F.3d at 1214 n. 11. In addition, to the extent Chaplin was offered to testify to the "gang-related components of the homicide investigation," the lack of an expert report to explain the basis and relevance of his proposed testimony is all the more prejudicial and contrary to the purposes of the rules.[2]

Based on the foregoing, the "automatic" sanctions provided in Rule 37(c)(1) are warranted under the circumstances shown here. The expert testimony of Chaplin and Delaney is excluded.

---

[2] Testimony in the case by defendant D'Amico and another officer involved in the investigation was that the homicide was not gang-related. (*See* Exh. O, Knoble Depo., at 141: 13–14; 173:10–15; Exh. N, D'Amico Depo., at 159:13–20.) Defendants refused to produce documentation underlying Chaplin's opinion that the victim was a gang member. (*See* Exh. D and Exh. G.)

United States District Court
Northern District of California

## IV. DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERTS (DKT. NO. 171)

### A. Kathy Pezdek (paragraphs 12, 15, 16, 18)

The motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff offers Pezdek to provide expert testimony on the question of the certainty of Lualemaga's eyewitness identification, the suggestiveness of the identification procedures alleged to have been used in the underlying investigation, and the effects they would have had on the accounts of witnesses Lualemaga and Meadows. Defendants move to exclude her testimony on the grounds that her testimony is not relevant to any issue in the case, and it will confuse and mislead the jury, making it more prejudicial than probative. Defendants further object that the language used in Pezdek's report – "forced" and "manipulated"—improperly attributes a motive or intent to defendants.

At the hearing on this matter, plaintiff agreed to strike the sentence at paragraph 18 of Pezdek's report which begins "[b]y forcing Ms. Lualemaga to speculate." (11/14/17 Transcript at 97:12-18.) The motion is therefore **GRANTED** as to paragraph 18.

As to the remainder of the objections, the motion is **DENIED WITHOUT PREJUDICE**. Pezdek offers a sound scientific basis for her testimony, which is relevant to the jury's evaluation of the eyewitness testimony and of whether defendants used investigative techniques that were so coercive as to yield false information. While it is clear that Pezdek may not testify to legal conclusions, or in a manner that would confuse the jury, such matters can be resolved through evidentiary objections at trial, and do not warrant excluding her testimony.

### B. James Norris (paragraphs 40-59, 119-123)

The motion is **DENIED**. Defendants seek to exclude Norris's certain of Norris's opinions regarding the shell casing evidence. Defendants' arguments for exclusion go to the weight to be accorded Norris's testimony, not to its admissibility under Rule 702 and 703. *See Primiano v. Cook*, 598 F.3d 558, 564–65 (9th Cir. 2010) ("When an expert meets the threshold established by Rule 702 as explained in *Daubert*, the expert may testify and the jury decides how much weight to give that testimony.") Defendants contend that, because the gun was never recovered and he has no ejection pattern analysis on which to base his opinion, his opinion should be excluded. This criticism goes only to the weight to be given to his testimony. Defendants also argue that his

analysis does not assist the jury. However, his expert opinion regarding the conclusions to be drawn from shell casing evidence is directly relevant to plaintiff's theory that the officers here had to know that the eyewitness testimony was contradicted by the shell casing evidence in the case.

Defendants also seek to exclude those portions of Norris's report that summarize the information on which he relied in reaching his conclusions, on the grounds that it should be presented through the witnesses themselves. There is nothing improper about this summary of the basis for his opinion. At trial, such background must be presented through the witnesses and documents themselves as foundational for any opinion thereon. The witness can then provide expert opinions based on hypotheticals created from the facts previously admitted during the course of the trial.

### C. James Trainum (in its entirety, and specifically at paragraphs 71, 75, 76, 85-87, 93, and 119-123).

The Court will address this portion of defendants' motion by separate order.

### D. Dan Kruger -- in its entirety

The motion is **GRANTED**. Defendants seek to exclude Kruger's testimony, offered in rebuttal, which supplies illustrations of plaintiff's expert pathologist's opinions, as well as a calculation of how long it took for the shooter to reach the victim and a critique of Fries' 3-D model. Kruger's report is not improper rebuttal simply because it is offered by someone other plaintiff's initially disclosed experts.

However, to the extent it is offered solely to rebut Fries's report, excluded by the Court herein, the Court finds it is properly excluded as well.

Nevertheless, as noted above, the parties may consider using demonstratives of the types created by Kruger and Fries.

**IT IS SO ORDERED.**

This Order terminates Docket Nos. 169, 173, and 174.

Dated: February 27, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

7