**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMAL R. TRULOVE**, <br><br> Plaintiff, <br><br> Vs. <br><br> **MAUREEN D'AMICO, MICHAEL JOHNSON, ROBERT MCMILLAN, AND JOHN EVANS**, *ET AL*, <br><br> Defendants. | Case No.: **16-CV-050 YGR** <br><br> **PRETRIAL ORDER NO. 2 RE: MOTIONS *IN LIMINE* AND JUROR INVESTIGATION** <br><br> Dkt. Nos. 319, 321, 323, 325, 326, 328, 329, 331-337 |

The Court, having considered the motions *in limine* submitted by Plaintiff Jamal Trulove (Dkt. Nos. 319, 321, 323, 325, 326, 328, 329), and by defendants Maureen D'Amico, et al. (Dkt. Nos. 331 through 337), **ORDERS** as follows:

First, as an overarching matter, the Court notes that its Standing Order cautions counsel that:

> Parties frequently misuse motions *in limine* in an attempt to exclude broad categories of possible evidence. Such motions are routinely denied. Any motion *in limine* must specify the precise exhibits or proffered testimony the party seeks to exclude.

(*See* Court's Standing Order re: Pretrial Instructions In Civil Cases, paragraph 4.a.) To the extent the parties have failed to heed that advice, their motions *in limine* have been denied, as set forth herein. Further, with respect to all rulings, if a party opens the door, the other party may request reconsideration, but such request must be done outside the presence of the jury.

**I.    PLAINTIFF'S MOTIONS *IN LIMINE***

**Plaintiff's No. 1: To Preclude Inadmissible Opinion and Credibility Testimony:**

In light of the plaintiff's representations at Docket Nos. 401 and 402 that they intend to dismiss the claims of malicious prosecution, the Court **RESERVES** on this motion to allow the parties to address the appropriate scope of testimony by the prosecuting attorneys, if any.

**Plaintiff's No. 2: To Preclude Questioning regarding Plaintiff's Criminal Trial Strategy and his Counsel's Effectiveness:**

The motion is **GRANTED IN PART, DENIED IN PART**.

Again, as a preliminary matter, the motion is overbroad. Defendants do not dispute that plaintiff should not be questioned as to the reasons for his choice not to testify. Accordingly, that portion of the motion is **GRANTED** and the Court will entertain an instruction in that regard.

However, certain facts regarding the circumstances of the underlying criminal and appeal proceedings are relevant in this trial, and the motion to exclude is, to this extent, **DENIED**. Plaintiff cannot eliminate from this trial all facts which do not support his theory of the case. Similarly, the fact of the underlying conviction, the reversal, and the reasons for the reversal are also relevant. The parties have come to an agreement on a stipulated statement of the Court of Appeal's decision. (Dkt. No. 390.)

**Plaintiff's No. 3: To Preclude Evidence Of Prior Bad Acts:**

The motion is **DENIED** to the extent that any defendant seek to testify as to actions that defendant personally took and judgments that defendant personally made in light of all the information the defendant had at the time, including information about gang membership. To address the issue of the proper use of that evidence, the Court will entertain a limiting instruction for the jury.

The Court otherwise **RESERVES** ruling on this motion. The Court requires additional information to determine what information may come in. The party offering such "prior bad acts" evidence shall seek a ruling permitting its admission prior to any use of such evidence.

**Plaintiff's No. 4: To Preclude Undisclosed Expert Testimony:**

The motion is overbroad and does not offer a specific proffer as to which witnesses it understands defendants may offer for purposes of providing opinions on the significance of cell phone records or shell casings.

The Court has already ruled that certain undisclosed experts will be precluded from testifying. (*See* Order re: Motions To Exclude Expert Testimony, Dkt. No. 398.) Defendants previously identified Eric Perez as an unretained expert on cell phone records, and the motion to exclude his testimony was granted as unopposed. (*Id*.) Defendants will be permitted to testify as

to their opinions based upon their personal experience, but will not be permitted to offer expert opinion testimony.

In light of the plaintiff's representations at Docket Nos. 401 and 402 that they intend to dismiss the claims of malicious prosecution, the Court **RESERVES** on this motion to allow the parties to address the appropriate scope of testimony by the prosecuting attorneys, if any.

**Plaintiff's No. 5: To Preclude Prior Bad Acts Of Witnesses For Impeachment Purposes:**

The motion is **GRANTED IN PART** as set forth explcitly herein, otherwise the Court **RESERVES** ruling on the balance of the motion.

With respect to Joshua Bradley, the motion is unopposed and therefore **GRANTED**.

As to David Trulove and Oliver Barcenas, the Court requires additional information to reach its decision. Defendants have been given a deadline of March 2, 2018, to provide such information. (*See* Pretrial Order No. 1 at 6.) The Court will permit evidence of criminal convictions for felonies less than 10 years old consistent with Federal Rule of Evidence 609. The party offering such evidence shall seek a ruling permitting its admission prior to any use of such evidence.

**Plaintiff's No. 6: To Permit Leading Question Of Adverse Witnesses**

The motion is **GRANTED**. The parties have submitted a stipulated list as to which witnesses may be deemed adverse for purposes of asking leading questions. (Dkt. No. 390.)

**Plaintiff's No. 7: To Exclude Evidence of Defendants' Good Character**

The motion is **GRANTED** as unopposed.

**Plaintiff's No. 8: To Exclude Witness Testimony As to Plaintiff's Expert's (Norris) Competence And Dr. Melinek's Resignation Letter**

The Motion is **GRANTED** as to witness testimony criticizing Norris' competence as an expert. As to the issue of the letter of resignation of Dr. Melinek, the Court **RESERVES**. The Court requires a copy of the letter before it can make a ruling.

///
///
///

3

## II. DEFENDANTS' MOTIONS IN LIMINE

**Defendants' No. 1: To Exclude The Use Of The Term Innocent**

The motion is **GRANTED** as unopposed. The parties shall use the actual finding of the jury in the second criminal case which was "not guilty."

**Defendants' No. 2: To Exclude Evidence Or Argument Regarding Other Complaints, Claims And Allegations Or Personal Information That Are Not Part Of This Case.**

The motion is **GRANTED** as unopposed.

**Defendants' No. 3: To Exclude Evidence Or Argument That Department Policy Set Standard For Liability, And Lay Opinion Regarding Compliance With Policy**

The motion is **GRANTED** as unopposed with respect to precluding testimony and argument that suggests or implies that a violation of department policy constitutes a violation of plaintiff's constitutional rights. It is further **GRANTED** as to the testimony of an officer about whether any other officer acted consistent with policy. However, the motion is **DENIED** with respect to questioning witnesses regarding their own knowledge and understanding of such policies, or those policies' application to their own conduct.

**Defendants' No. 4: To Exclude Evidence Or Argument Regarding Dismissed Claims And Parties**

The motion is **GRANTED** as unopposed.

**Defendants' No. 5: To Exclude Evidence Of Post-Conviction Statements Unknown To Defendants For Arguments Regarding Defendants' Liability**

The motion is **DENIED**. The jury will be well advised during the course of the trial as to what facts and/or information each of the defendants had. To the extent the parties feel it is necessary, the Court will entertain the parties' proposals for *pre*-instructions to the jury that it is not being called upon to determine whether plaintiff is guilty or not guilty, and the difference in the level of proof required in a criminal versus a civil case.

**Defendants' No. 6: To Exclude Evidence Re Indemnification And Reference To Defense Attorneys As "Deputy City Attorneys"**

The motion is **GRANTED**.

**Defendants' No. 7: Motion to Bifurcate Trial As To Liability/Innocence and Damages/Punitives**

The motion is **DENIED** as to bifurcating liability from damages. With respect to punitive damages, the Court did indicate to the parties that that portion will be bifurcated. However, in light of the plaintiff's representations at Docket Nos. 401 and 402 that they intend to dismiss that portion of the complaint, the motion may be moot.

### III. JUROR INVESTIGATION

In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion for 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but . . . may not communicate directly or through another with a juror or potential juror." A party "may not, either personally or through another, send an access request to a juror's electronic social media. An access request is a communication to a juror asking the juror for information that the juror has not made public and that would not be the type of *ex parte* communication prohibited by Model Rule 3.5(b)." Further, to the extent that any information from the investigation may result in a question of the juror during voir dire, the parties shall advise the juror of the source of the information.

**IT IS SO ORDERED.**

Dated: February 28, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**