# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMAL RASHID TRULOVE**, <br> Plaintiff, <br> v. <br> **MAUREEN D'AMICO, MICHAEL JOHNSON, ROBERT MCMILLAN, AND JOHN EVANS,** *ET AL*, <br> Defendants. | **Case No. 16-cv-050 YGR** <br><br> **PRETRIAL ORDER NO. 6 DENYING MOTIONS TO EXCLUDE TRAINUM AND FOR ADDITIONAL DEPOSITION TIME** <br><br> Dkt. No. 171, 399 |

As part of their motion to exclude plaintiff's expert witnesses, defendants moved to exclude the testimony of James Trainum in its entirety, and also specifically as to portions of his opinions stated in paragraphs 71, 75, 76, 85, 87, 93, and 119-123 of his report. (Dkt. No. 171.) Defendants seek to exclude Trainum's testimony in its entirety on the grounds that he lacks knowledge of California policing standards and training, and therefore is not qualified to testify regarding the "minimally acceptable police practices" of defendants. Defendants contend that he never reviewed any California Peace Officer Standards and Training ("POST") standards in preparing his opinions. Defendants further argue that his opinions are irrelevant to the question of intentional conduct, and that his opinions lack a sufficient evidentiary foundation.

The Court carefully considered the submissions in connection with the motion and opposition, including the parties' supplemental submissions, and their argument at the hearing on the motion and in their pre-trial conference. The motion is **DENIED**.

### A. Motion to Exclude Entirety

First, as the Court indicated at the pretrial conference, the motion to exclude the testimony in its entirety is **DENIED**. The record indicates that, based on his training and experience, as well as his review of the information in the case and the applicable policies, Trainum is qualified to offer the opinions stated in his report. Defendants' criticism appears to focus on the fact that

Trainum garnered his experience outside of California, and is not qualified to opine about California policing standards. On this basis, they contend that his opinions are unreliable, irrelevant, and misleading.

Trainum indicates that he has reviewed the policies and standards defendants themselves identified as applicable to their conduct. Defendants have made no showing that the standards he says he reviewed are any different from those applicable here. Further, whether the officers here engaged in conduct inconsistent with the applicable standards is relevant to whether that conduct was intentional or in reckless disregard of the constitutional standards that applied to their investigation. *See Jimenez v. City of Chicago*, 732 F.3d 710, 721–22 (7th Cir. 2013) ("expert testimony regarding sound professional standards governing a defendant's actions can be relevant and helpful . . . . [and] can give a jury a baseline to help evaluate whether a defendant's deviations from those standards were merely negligent or were so severe or persistent as to support an inference of intentional or reckless conduct that violated a plaintiff's constitutional rights."); *Restivo v. Hessemann*, 846 F.3d 547, 580 (2d Cir. 2017), *cert. denied,* 138 S. Ct. 644 (2018) (same). The objections speak to the weight of the testimony, not its admissibility.

Defendants' argument that Trainum lacks knowledge of POST appears to be without substance. However, since there was some confusion on this point in the course of his deposition, defendants are permitted **one (1) additional hour** to depose Trainum on POST standards and whether they differ from any standards on which he based the opinions he intends to offer.

**B.     Paragraphs 119-23**

Defendants seek to exclude specific portions of Trainum's opinions on the grounds that he is offering forensic opinions but is not a forensic expert. The Court disagrees. Trainum's report indicates that he will offer opinions about what reasonable homicide investigators would rely on with respect to such forensic experts, and how they would use that information in their investigation, rather than substituting his own opinion for that of a forensics expert. (Trainum Report at ¶¶ 119-23.)

///

///

2

### C. Paragraphs 71, 75, 76, 85-87, and 93

As to paragraphs 71, 75, 76, 85-87, and 93, the motion is **DENIED**. Although certain portions of these paragraphs state that the unidentified officers "appeared" to be Johnson and Lee, Trainum establishes the limitations of that inference as well, and that it is based entirely on the testimony provided to him for review, not his personal knowledge. Defendants can test Trainum's assumptions by cross-examination.

### D. Request for Additional Deposition Time

Defendants' request to examine Trainum on the drafting of his report, and specifically whether the attorneys prepared the report, is **DENIED**. As defendants concede, Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure precludes discovery of drafts of any report or expert disclosure required under Rule 26 as attorney work product. The Rule further provides that communications between an attorney and expert witness are protected except to the extent that the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. F ed. R. Civ. Pro 26(b)(4)(C). These provisions were added to Rule 26 in the 2010 Amendments of the rules. The "driving purpose of the 2010 amendments was to protect opinion work product—*i.e.*, attorney mental impressions, conclusions, opinions, or legal theories—from discovery." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 870 (9th Cir. 2014). Therefore, Rules 26(b)(3) and (b)(4) now shield attorney-work product and drafts of a testifying expert's reports, though they do not preclude discovery of other materials the expert considered, such as testing of material involved in the litigation, alternative analyses, and communications with persons other than the party's counsel. *Id.* at 870. Discovery of attorney-expert communications in preparation for trial is rare, and permitted only upon a showing of "substantial need" for disclosure of those communications that cannot be obtained by other means "without undue hardship." *Id*. at 866 (citing Fed. R. Civ. P. 26(b)(3)(A)); *see also Goodness Films, LLC v. TV One, LLC*, No. CV1208688GWJEMX, 2013 WL 12136374, at *2 (C.D. Cal. Aug. 13, 2013) (rejecting *Gerke v. Travelers Gas. Ins. Co. of America*, 289 F.R.D. 316 (D. Or.

1  2013) as contrary to *Republic of Ecuador*).

Defendants have made no showing to warrant inquiry into the attorney-expert communications in the drafting process here. The Court's review of the deposition testimony and expert report indicates that Trainum is qualified to state his opinions and relied on information sufficient to provide such opinions. Defendants submit no evidence to suggest excessive attorney involvement in the drafting of the report, or that they drafted it for him. That counsel provided Trainum with materials and information about the case is not unusual. Further, the report itself is not admissible. The goal of the report is "to convey the substance of the expert's opinion . . . so that the opponent will be ready to rebut, to cross-examine, and to offer a competing expert if necessary." *Meyer Intellectual Properties Ltd. v. Bodum* 690 F.3d 1354, 74-75 (Fed. Cir. 2012) citing *Walsh .v Chez*, 583 F.3d 990, 994 (7th Cir. 2009). Here, the report was timely provided and the defendants had a fulsome opportunity to depose him on the same.

### E. Conclusion

The motion to exclude Trainum's testimony is **DENIED**. Defendants will be permitted to take one additional hour of deposition limited to the issue of POST standards and whether they differ the standards on which he based his opinions.

The request to depose Trainum on the report drafting process is **DENIED**.

This terminates Docket No. 171.

**IT IS SO ORDERED.**

Dated: March 7, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**