United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMAL RASHID TRULOVE**,<br><br>Plaintiff,<br><br>v.<br><br>**MAUREEN D'AMICO, MICHAEL JOHNSON, ROBERT MCMILLAN, AND JOHN EVANS,** *ET AL*,<br><br>Defendants. | **Case No. 16-cv-050 YGR**<br><br>**PRETRIAL ORDER NO. 7**<br>**DENYING DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM ADMITTING PORTIONS OF TRIAL TESTIMONY AND RULING ON OBJECTIONS TO DESIGNATIONS OF LUALEMAGA DEPOSITION TRANSCRIPT**<br><br>Dkt. No. 436 |

Defendants have filed a belated motion *in limine* to preclude plaintiff from introducing portions of witness Priscilla Lualemaga's testimony at the preliminary hearing and trials in the underlying criminal case. The parties have indicated that Lualemaga will be unavailable for purposes of testifying at the trial of this civil action. Her deposition testimony in this matter will be presented in lieu of her live testimony as a result. For the reasons stated herein, the Court **DENIES** the motion to exclude the trial and preliminary hearing testimony. In addition, as stated in the attached Appendix A, the Court Sustains In Part and Overrules In Part the parties' objections to their respective designations of Lualemaga's deposition testimony.

Defendants contend that the criminal trial testimony plaintiff seeks to admit is not offered for impeachment of Lualemaga's deposition testimony, nor is it offered as inconsistent with her deposition testimony. Thus, defendants argue, the prior testimony is hearsay and not subject to any exception under the Federal Rules of Evidence, including Rule 801(d)(1)(A)[1] (prior sworn testimony inconsistent with current testimony), Rule 613 (prior inconsistent statements), and Rule 804(b)(1) (former testimony).[2] Defendants further argue that, while the prior testimony is relevant

---
[1] Defendants cite Rule 80**4**(**d**)(1)(A) which the Court interprets as a typographical error since no such section exists.

[2] Defendants seek to admit limited portions of Lualemaga's testimony for rehabilitation.

to the issue of whether certain evidence was "material" for purposes of plaintiff's *Brady* and *Tatum* claims, it would be unduly prejudicial to permit only portions of Lualamaga's testimony to be offered in isolation, *i.e.,* without submitting to the jury the entire transcripts of both criminal trials for context.

Plaintiff counters that the testimony he seeks to admit is not hearsay because it is not being offered for the truth of the matters to which she testified, but instead to demonstrate its falsity. Plaintiff further argues that the prior testimony is subject to the hearsay exceptions in Rules 804(b)(1) and 801(d)(1) in any event. Plaintiff intends to offer portions of Lualemaga's sworn testimony to: (1) establish the evidence that he contends caused him to be prosecuted in violation of his constitutional rights; (2) provide those portions on which Lualemaga was questioned during her deposition and which were inconsistent with her trial testimony; and (3) for excerpts from the second trial, to establish the truth of certain details of her testimony relevant to the investigation or for impeachment purposes.

As to the first category, the prior testimony is not being offered for its truth, but to show that the statements were made, and their effect on the listeners, *i.e.*, the juries in the criminal trials before whom the testimony was made, resulting in plaintiff's conviction at the first trial, and his prosecution and acquittal in the second. Thus, they are not subject to exclusion as hearsay. *See United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988) (prior trial testimony of witnesses in timeshare fraud/RICO action was not hearsay per rule 801(c) because testimony regarding misrepresentations was not admitted for truth but "to establish that the statement was made or to demonstrate the effect the statement had on the hearer").

Likewise, the second category of testimony, proffered in conjunction with Lualemaga's deposition testimony answering questions about it, is not properly excluded as hearsay. During her deposition, Lualemaga was asked to read her prior trial testimony and then answer questions about it. Including the testimony on which she was questioned will make the deposition testimony understandable. It is not being offered for its truth but to provide that context, or to show that it is

---

(Motion at 2, n.1.)

inconsistent with Lualemaga's deposition testimony in this action. Further, even if the prior testimony were offered for its truth, it would meet the hearsay exceptions in Rule 801(d) to the extent it shows Lualemaga's trial testimony was inconsistent with her deposition testimony. Rule 801(d) provides that:

> [a] statement that meets the following conditions is not hearsay:
> (1) A Declarant-Witness's Prior Statement. The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
> (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition;

Thus, the Court will not bar plaintiff's introduction of Lualemaga's trial testimony offered for purposes of providing context for the deposition testimony, or to contradict that deposition testimony, on hearsay grounds.

The third category offered by plaintiff is certain portions of Lualemaga's testimony at the second trial. These portions are being offered for their truth, or for impeachment of subsequent statements about her view on the night of the murder. Specifically, plaintiff seeks to introduce statements from the second trial which indicate that Lualemaga's window was closed on the night of the murder, and describe how closely she viewed the wall of photos at the police station. Rule 804(b) provides that the rule against hearsay does not exclude testimony if the declarant is unavailable and the statement is former testimony that: "(A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and (B) is now offered against a party who had--or, in a civil case, whose predecessor in interest had--an opportunity and similar motive to develop it by direct, cross-, or redirect examination." F. R. E. 804(b).

The Ninth Circuit has not decided the meaning of "predecessor in interest" for purposes of this rule. However, district courts within the Ninth Circuit have found that "[u]nder the modern view of the former testimony exception . . . parties who are found to have an 'opportunity and similar motive' like that of the current party are deemed to be predecessors in interest." *Lisker v. City of Los Angeles*, No. CV09-09374 AHM AJWX, 2012 WL 3610134, at *1 (C.D. Cal. Aug. 20, 2012) (citing *Hynix Semiconductor Inc. v. Rambus Inc.,* 250 F.R.D. 452, 458 (N.D.Cal.2008)

3

("The modern test does not require privity between the current party and the party who participated in the prior proceeding."). Similarity of motive does not require that the motives be identical between the proceedings. *See United States v. Salerno*, 505 U.S. 317, 326 (1992) (Blackmun, J., in concurrence). Thus, in *Lisker*, the court found that a criminal prosecutor in a murder trial had a similar opportunity and motive in developing the testimony of two witnesses found unavailable in a later section 1983 civil case against the investigating officers. *Lisker*, 2012 WL 3610134, at *1; *Carpenter v. Dizio*, 506 F. Supp. 1117, 1124 (E.D. Pa.), *aff'd sub nom. Appeal of Allmond*, 673 F.2d 1298 (3d Cir. 1981), and *aff'd,* 673 F.2d 1298 (3d Cir. 1981) (eyewitness account of the confrontation between section 1983 plaintiff and officers accused of excessive force was essential to both criminal trial and civil suit, giving prosecutor and attorneys for officers same motive to cross-examine eyewitness for purposes of Rule 804 predecessor in interest determination). Here, the prosecutors in the underlying criminal proceedings had the opportunity to examine Lualemaga, and had a similar motive as the defendants here in examining her: to establish the credibility of her identification of Trulove and the integrity of their investigation. The testimony from the second trial offered by plaintiff for its truth--concerning how well Lualemaga could have viewed the scene and how well she reviewed the photos on the wall in the police station--therefore is admissible under Rule 804(b)(1).

The Court finds defendants' suggestion that the portions of the trial testimony should only be presented if the entire transcript of the prior trials is read into evidence to be without merit. The issues before the jury in this civil case are limited, and the jury does not need to rehear the prior two criminal trials in their totality in order to decide them. *See Jimenez v. City of Chicago*, 732 F.3d 710, 719 (7th Cir. 2013) (plaintiff whose wrongful murder conviction was vacated was not required to present entire criminal trial transcript in order to support his due process *Brady* claim against former police detective).

Thus, defendants' motion to exclude portions of the testimony from the criminal trials and preliminary hearing is **DENIED**. However, defendants may designate additional testimony from the prior trials or preliminary hearing to be read into the record here, subject to existing time limitations. Accordingly, the portions of the prior criminal trial testimony at pages 666-68 maybe

4

be read into evidence by plaintiff on Monday, March 12, 2018.

Attached hereto as Appendix A are the Court's rulings on the parties' objections to their respective designations of Lualemaga's deposition testimony.

This terminates Docket No. 171.

**IT IS SO ORDERED.**

Dated: March 11, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

DENNIS J. HERRERA, City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
MARGARET W. BAUMGARTNER, State Bar #151762
RENÉE E. ROSENBLIT, State Bar #304983
KELLY COLLINS, State Bar #277988
Deputy City Attorneys
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:  (415) 554-3859 [Baumgartner]
Telephone:  (415) 554-3853 [Rosenblit]
Telephone:  (415) 554-3914 [Collins]
Facsimile:   (415) 554-3837
E-Mail:   margaret.baumgartner@sfcityatty.org
E-Mail:   renee.rosenblit@sfcityatty.org
E-Mail:   kelly.collins@sfcityatty.org

Attorneys for Defendants
MAUREEN D'AMICO, JOHN EVANS,
MICHAEL JOHNSON, ROBERT MCMILLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL RASHID TRULOVE,<br><br>　　Plaintiff,<br><br>　vs.<br><br>MAUREEN D'AMICO, ET AL.,<br><br>　　Defendants. | Case No. 16-cv-00050-YGR<br><br>[PROPOSED] ORDER ON JOINT PRISCILLA LUALEMAGA TESTIMONY DESIGNATIONS AND OBJECTIONS<br><br>Trial Date:　　March 12, 2018 |

Objections to designations are overruled ("O/R") in part and sustained in part as follows:

**TESTIMONY DESIGNATIONS FOR PRISCILLA LUALEMAGA BY TOPIC**

**Deposition Volume 1**

| Party | Designation | Objections | Counter Designation | Ruling |
|---|---|---|---|---|
| Plaintiff | 7:23–8:4 | | 4:3–4 (Oath) | |
| Plaintiff | 129:19–20; 129:22–25; 130:3–6; 130:9 | Vague | 129:15-18 | O/R |

| | | | | |
|---|---|---|---|---|
| Plaintiff | 181:19–21; 181:25–82:2; 182:5–13; 182:16–25 | 181:19–82:5 Hearsay, argumentative, overbroad, vague | | 181:19-25 – Sustained otherwise O/R |
| Plaintiff | 181:19–21; 181:25–82:2; 182:5–13; 182:16–25 | 182:11-16 Hearsay, argumentative, overbroad, vague | | O/R |
| Plaintiff | 184:10–12; 184:14–24 | Hearsay, overbroad, vague, argumentative | | O/R |
| Plaintiff | 222:17–20; 222:23–23:2 | Mischaracterizes her testimony | | Sustained. see p. 5 |
| Plaintiff | 250:5–8; 250:11–15 | Hearsay, asked and answered, vague | | O/R |
| Plaintiff | 251:2–11; 251:14–52:6 | 251:24-252:6 Hearsay, asked and answered, argumentative | 252:7-10 | O/R |
| Plaintiff | 255:21–24; 256:3–6 | Hearsay, argumentative, asked and answered | | O/R |
| Plaintiff | 267:19; 267:22–68:12; 268:15 | 268:10-15 Argumentative, mischaracterizes testimony | | sustained |
| Plaintiff | 269:24–70:12 | Overly broad, vague, argumentative, asked and answered | | 269:24-270:4 O/R 270:5-12 Sustained |
| Plaintiff | 283:7–13; 283:16–18 | Calls for a legal conclusion | | O/R |
| Plaintiff | 285:19–23 | | 285:24-286:2 | |
| Plaintiff | 286:5–7; 286:10 | Hearsay, vague | | Sustained |
| Plaintiff | 306:13–15; 19–23 | 306:13-19 Hearsay, mischaracterizes testimony, assumes facts not in evidence, compound. | | O/R |

| Party | Designations | Objections | Counter-Designations | Ruling |
|---|---|---|---|---|
| Plaintiff | 308:6–9 | 307:21-308:9 Withdrawn. Mischaracterizes testimony, calls for speculation | | see p. 6 |
| Plaintiff | 315:4–9; 12–15; 17–20; 24 | 315:4-17 Vague | | o/R |
| Plaintiff | 315:4–9; 12–15; 17–20; 24 | 315:18-24 Vague, calls for speculation | | O/R |
| Plaintiff | 317:6–7; 11–21 | 317:6-11 Vague, argumentative | | O/R |
| Plaintiff | 321:15–18; 321:24 | Argumentative, calls for speculation, incomplete hypothetical | | Sustained |
| Plaintiff | 326:11–17; 21–22 | Argumentative, assumes facts not in evidence, may misstate testimony | | Sustained |
| Defendants | 9:23-10:15 | 10:11–15 | 174:8–25 | |
| Defendants | 22:7-10 | | 22:1–6 | |
| Defendants | 22:19- 23:21 | 23:5–9 Speculation, FRE 401, 403 | | Sustained |
| Defendants | 30:8- 31:5 | | 30:7 | |
| Defendants | 31:11-15 | | 31:8–9 31:16–18 | |
| Defendants | 33:19- 34:4 | | 34:5–7 | |
| Defendants | 46:1-11 | | 45:17–25 | |
| Defendants | 46:24- 47:11 | | 47:20–24 | |
| Defendants | 56:16- 57:7 | | 56:14–15 57:14–21 | |
| Defendants | 59:24- 60:1 | | 60:2–3 | |
| Defendants | 61:14- 62:4 | 61:24–62:4 Hearsay, FRE 404, 403 | | O/R |
| Defendants | 63:18- 64:17 | | 64:18–19 | |
| Defendants | 78:25- 82:19 | Leading | | O/R |
| Defendants | 94:21- 95:3 | 94:21–25 Question isn't answered and counsel's | | O/R |

| | | | | |
|---|---|---|---|---|
| | | statement isn't testimony | | |
| Defendants | 100:4-12 | Hearsay, FRE 401, 403 | | O/R |
| Defendants | 100:17-20 | Hearsay, FRE 401, 403 | | O/R |
| Defendants | 101:5-9 | Relevance, FRE 401, 403 | | Sustained |
| Defendants | 102:15-103:8 | FRE 401, 403 | | O/R |
| Defendants | 108:18-109:2 | | 109:3–5 | |
| Defendants | 113:12-17 | | 113:18–19 | |
| Defendants | 114:23-25 | Bolstering, FRE 401, 403 | | Sustained |
| Defendants | 116:4- 117:1 | Testimony from counsel, leading | | O/R as to all except preface at 116:5-10 which is sustained |
| Defendants | 117:4-18 | 117:13 Commentary from counsel | | Sustained |
| Defendants | 117:22-118:9 | 117:22–18:2 FRE 401, 403 | | O/R |
| Defendants | 118:10-119:2 | 118:8–9 FRE 401, 403 119:1–2 Hearsay | | O/R 118:8-9 Sustained 119:1-2 |
| Defendants | 120:2-14 | | 120:15–18 | |
| Defendants | 129:3-14 | | 129:19–25 130:3–7, 130:9 | O/R |
| Defendants | 137:15-138:9 | Relevance, FRE 403 | | O/R |
| Defendants | 154:22-155:1 | | 154:21 | |
| Defendants | 185:20-22 | | 185:11–19 | |
| Defendants | 185:25 | | 186:10–13 | |
| Defendants | 199:3-11 | Hearsay, FRE 401, 403, lack of personal knowledge | | Sustained Except O/R as to: 198:19-22; 199:16 - 200:2; 200:15-17, 20. |
| Defendants | 199:15-200:9 | Hearsay, FRE 401, 403, lack of personal knowledge | | |
| Defendants | 201:11-19 | 201:11–13 Hearsay, FRE 401, 403, lack of | | Sustained |

PROP. ORDER RE JT. LUALEMAGA DESIGN.   4   c:\users\rerickso\desktop\trulove - proposed order revised.docx
Case No. 16-cv-00050-YGR

| Party | Designation | Objection | Counter-designation | Ruling |
|---|---|---|---|---|
| | | personal knowledge | | |
| Defendants | 203:14-21 | Hearsay, FRE 401, 403, lack of personal knowledge | | O/R |
| Defendants | 204:15-19 | Hearsay | | sustained |
| Defendants | 207:~~15~~ 2-5 | Hearsay, FRE 401, 403, lack of personal knowledge | | sustained |
| Defendants | 207:11-17 | Hearsay, FRE 401, 403, lack of personal knowledge | | sustained |
| Defendants | 209:18-20 | | 210:10–13, 210:18–19, 210:23–24, 211:1–4, 211:13–20 | |
| Defendants | 209:23 | | 210:10–13, 210:18–19, 210:23–24, 211:1–4, 211:13–20 | |
| Defendants | 214:21-215:15 | Hearsay, FRE 401, 403, Lack of personal knowledge | | sustained |
| Defendants | 218:10-220:1 | Hearsay, FRE 401, 403 | | O/R |
| Defendants | 222:23-223:5 | Hearsay, FRE 401, 403 | | sustained |
| Defendants | 224:6 | | 224:7–9, 224:12 | |
| Defendants | 231:23-25 | | 231:14–17, 231:22 | |
| Defendants | 232:1-24 | | | |
| Defendants | 233:2-14 | | | |
| Defendants | 233:17-235:13 | | 235:16 | |
| Defendants | 239:13-240:15 | FRE 401/402/403 | | O/R |
| Defendants | 242:10-244:5 | | 244:8 | |
| Defendants | 244:9-245:10 | Assumption about where D'Amico went | 245:11–12, 245:15–21 | O/R except sustained as to 244:4-8 |
| Defendants | 246:3-11 | | 251:2, 251:10–11, 251:14 | |
| Defendants | 254:1-9 | | 253:25 | |
| Defendants | 254:24-255:5 | | 255:6–7, 255:11, 255:17–23 | |

PROP. ORDER RE JT. LUALEMAGA DESIGN.    5    c:\users\rerickso\desktop\trulove - proposed order revised.docx
Case No. 16-cv-00050-YGR

| Party | Designation | | Defendants' Counter Designation | Ruling |
|---|---|---|---|---|
| Defendants | 256:7-8 | | 256:4–5 | |
| Defendants | 256:22-23 | | 256:24–25, 257:3–7 | |
| Defendants | 260:4-6 | | 259:18–21, 259:24, 260:3 | |
| Defendants | 260:13-16 | | 260:10–11 | |
| Defendants | 263:3 | | 263:4–7, 263:14–17, 263:21 | |
| Defendants | 265:19-266:2 | Hearsay, FRE 401, 403 | | O/R |
| Defendants | 267:1-18 | Hearsay, FRE 401, 403 | | Sustained |
| Defendants | 269:18-270:1 | | 268:10–12, 268:15–18, 268:22–69:5, 269:8–11 | |
| Defendants | 270:4 | | 270:5–6, 270:12 | |
| Defendants | 283:16-22 | | 283:23, 283:25–84:4, 284:15–17 | |
| Defendants | 287:18-21 | | | |
| Defendants | 287:24 | | 288:1–7, 288:10 | |
| Defendants | 304:6 | | 304:12–23, 305:9–12 | |
| Defendants | 305:13-22 | | 305:23–6:2, 306:13–15, 306:19 | |
| Defendants | 306:20-307:5 | | 307:6–8, 307:10–13, 307:16–23, 308:6–9 | 307:21–308:9 sustained |
| Defendants | 319:21-320:4 | | 320:5–8, 320:11–21, 321:3–10, 321:12 | |
| Defendants | 322:18 | | 322:19–23, 322:25 | |
| Defendants | 325:16-20 | | 325:21, 325:25 | |
| Defendants | 328:13-17 | | 328:18–19, 328:23–29:1, 329:5 | |
| Defendants | 333:4 | | 333:5–7, 333:11 | |

**Deposition Volume 2**

| Party | Designation | Defendants' Objections | Defendants' Counter Designation | Ruling |
|---|---|---|---|---|
| Plaintiff | 347:20–22; 348:1–2 | Vague, asked and answered | | O/R |
| Plaintiff | 348:13–16; 348:19 | Vague, asked and answered | | O/R |
| Plaintiff | 355:5–14; 355:17–22; 356:3 | 355:13-14 Not answered. Vague. | | Sustained. |
| Plaintiff | 355:5–14; 355:17–22; 356:3 | 355:20-356:3 Vague | | Overruled |

| Plaintiff | 359:23–61:17 | 360:6-11 Vague | | O/R |
| --- | --- | --- | --- | --- |
| Plaintiff | 359:23–60:8; 360:11–17; 360:19–22; 360:25–61:11; 361:15–17 | 360:17-19 Not answered/withdrawn. Vague | | Sustained |
| Plaintiff | 359:23–60:8; 360:11–17; 360:19–22; 360:25–61:11; 361:15–17 | 360:20-25 Vague | | O/R |
| Plaintiff | 359:23–60:8; 360:11–17; 360:19–22; 360:25–61:11; 361:15–17 | 361:10-15 Asked and answered, argumentative | | O/R |
| Plaintiff | 361:21–62:7; 362:9–12; 362:15–19; 362:23 | 362:10-23 Vague, argumentative | | O/R |
| Plaintiff | 390:15–91:8; 391:12–18 | 391:13-18 Argumentative | | O/R |
| Plaintiff | 408:1–2; 9–21; 408:25–9:7; 409:9 | 408:17-409:3 Mischaracterizes testimony, vague | | O/R |
| Plaintiff | 408:1–2; 9–21; 408:25–9:7; 409:9 | 409:4-9 Vague | | O/R |
| Defendants | 349:9 | | 349:21–24 | |
| Defendants | 360:3-5 | | 360:6–8, 360:11 | |
| Defendants | 360:12-16 | | 360:20–22, 360:25 | |
| Defendants | 361:1-9 | | 361:10–11, 361:15, 361:17 | |
| Defendants | 368:13 – 17 | | 368:18–20 | |
| Defendants | 370:13-14 | | 370:3–5 | |
| Defendants | 376:2-11 | | 376:16–19, 376:22, 376:24–77:1 | |
| Defendants | 379:17-380:6 | | 380:10–17, 380:25–81:3, 381:6 | |
| Defendants | 382:22-383:6 | | 383:7, 383:11 | |
| Defendants | 383:12-14 | | 383:15–16, 383:24–84:1 | |

| Party | Designation | Objections | Counter Designation | Ruling |
|---|---|---|---|---|
| Defendants | 391:25-392:1 | | 391:7–8, 391:12–14, 391:18–20, 391:24 | |
| Defendants | 392:5 | | 392:6–8, 392:11–12, 392:17–19, 392:23 | |
| Defendants | 394:13-15 | | 394:6–7, 394:12 | |
| Defendants | 399:20-25 | | 400:1, 400:3–5, 400:11 | |
| Defendants | 400:19 | | 400:20–24, 401:3 | |
| Defendants | 414:5-415:22 | | 415:1–10 | |
| Defendants | 416:7-11 | | 415:23–16:2, 416:5–6 | |
| Defendants | 417:14-22 | Speculation, lack of personal knowledge, FRE 401, 403 | | 417:14-18 O/R  417:19-22 Sustained |
| Defendants | 419:4 | Hearsay, FRE 401, 403 | | O/R |
| Defendants | 419:12-16 | Hearsay, FRE 401, 403 | | O/R |
| Defendants | 420:20-24 | | 420:19 | |
| Defendants | 421:20 | Argumentative | | Sustained |
| Defendants | 427:5-15 | | 426:19–25, 427:3 | |
| Defendants | 427:23-428:1 | | 428:2–6 | |
| Defendants | 429:3 | | 429:4–9 | |
| Defendants | 433:22-434:3 | | 434:4, 434:8 | |
| Defendants | 435:21-436:8 | 436:5–8 Hearsay, FRE 401, 403 | 435:5–9, 435:13–16, 435:20 | Sustained |

**2010 Trial Testimony**

| Party | Designation | Objections | Counter Designation | Ruling |
|---|---|---|---|---|
| Plaintiff | 639:20–28 | Hearsay. Not impeachment. | Complete testimony. Exhibit 1444 | SEE ORDER |
| Plaintiff | 642:5–9 | Hearsay. Not impeachment. | Complete testimony. Exhibit 1444 | |
| Plaintiff | 657:26–58:7 | Hearsay. Not impeachment | Complete testimony. Exhibit 1444 | |
| Plaintiff | 663:27–64:17 | Hearsay. Not impeachment | Complete testimony. Exhibit 1444 | |
| Plaintiff | 666:1–68:28 | Hearsay | Complete testimony. Exhibit 1444 | |
| Defendant | 684:9-13 | | | |
| Defendant | 688:7-689:14 | | | |