UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMAL RASHID TRULOVE,

            Plaintiff,

     v.

MAUREEN D'AMICO, MICHAEL JOHNSON, ROBERT MCMILLAN, AND JOHN EVANS, *ET AL*,

           Defendants.

**Case No. 16-cv-050 YGR**

**JURY INSTRUCTIONS**

The Court attaches hereto the written jury instructions read to the jury on April 4, 2018.

**IT IS SO ORDERED.**

Dated:  April 4, 2018

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
Northern District of California

### DUTY OF JURY

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you has received a copy of these instructions that you may take with you to the jury room during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions, or anything that I may say or do or have said or done, that I have an opinion regarding the evidence or what your verdict should be.

## **WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;
2.      the exhibits that are admitted into evidence;
3.      any facts that I have instructed you to accept as proved; and
4.      the facts that the parties' lawyers agreed are true.  These are in evidence as Exhibit 474.

## **WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by any objection or by the court's ruling on it.

Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose.  If I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## **BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

## **TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**


You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## <u>EVIDENCE FOR A LIMITED PURPOSE</u>

Some evidence was only admitted for a limited purpose.

When I instructed you that an item of evidence had been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

As a reminder, you have heard evidence of rumors.  Evidence of rumors cannot be considered for the truth of the rumors.  You have also heard second- or third-hand accounts of the shooting or surrounding circumstances.  Again, these cannot be considered for their truth.

On a separate note, there is no evidence that Mr. Trulove was an actual member of a gang or criminal organization.  Any suggestion to the contrary by a witness must be disregarded.

## **RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overruled the objection, the question was allowed or the exhibit received.  If I sustained the objection, the question was not allowed or the exhibit was not received.  Whenever I sustained an objection to a question, you were ordered to ignore the question and must not guess what the answer might have been.

If I ordered that that evidence be stricken from the record, you must disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;
2.  the witness's memory;
3.  the witness's manner while testifying;
4.  the witness's interest in the outcome of the case, if any;
5.  the witness's bias or prejudice, if any;
6.  whether other evidence contradicted the witness's testimony;
7.  the reasonableness of the witness's testimony in light of all the evidence; and
8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## <u>DEPOSITION IN LIEU OF LIVE TESTIMONY</u>

You have heard deposition testimony.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## <u>IMPEACHMENT EVIDENCE—WITNESS</u>

The evidence that a witness has been convicted of a crime or lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## **EXPERT OPINION**

You have heard testimony from experts who testified to opinions and the reasons for his or her opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### **CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## **PLAINTIFF'S FIFTH AMENDMENT RIGHT IN CRIMINAL PROCEEDINGS**

During Jamal Trulove's criminal case, he had a constitutional right not to testify.  Said differently, Mr. Trulove had a constitutional right to remain silent which includes no obligation to prove his innocence or present any evidence.  In reaching your verdict, you may not consider in any manner his decision to exercise this constitutional right.

## <u>OVERVIEW</u>

I will now give you the substantive law with regard to each claim at issue.

Plaintiff brings two separate constitutional claims under a federal statute, specifically 42 U.S.C. § 1983, which provides that a government official who deprives another person of any rights secured by the Constitution of the United States is liable to the injured person.  Mr. Trulove claims that while defendants were acting as San Francisco Police Department officers, each of them deprived him of his rights to due process based upon: (1) fabrication of evidence and (2) failure to disclose certain evidence.  Plaintiff also brings a third claim alleging a conspiracy between the defendants to violate those rights.

Defendants deny all the claims.

I will now explain each claim.

## FIRST CLAIM
## 42 U.S.C. § 1983 -- FOURTEENTH AMENDMENT—DUE PROCESS
## DELIBERATE FABRICATION OF EVIDENCE

### Against Defendants D'Amico, Johnson, and McMillan

Plaintiff Jamal Trulove asserts his First Claim against defendants Maureen D'Amico, Michael Johnson, and Robert McMillan for deliberate fabrication of evidence.

To prove his claim for violation of his due process rights based on fabrication of evidence, plaintiff must prove by a preponderance of the evidence the following two elements as against each particular defendant:

1.      The particular defendant deliberately fabricated evidence, by either:

  A.      deliberately reporting something he or she knew not to be true, or deliberately mischaracterizing a witness statement, that was used to criminally charge, prosecute, or convict Jamal Trulove;

   OR

  B.      using investigative or identification techniques that were so coercive and abusive that the particular defendant knew, or was deliberately indifferent to the likelihood, that those techniques would yield false information used to criminally charge, prosecute, or convict Jamal Trulove.

AND

2.      The deliberately fabricated evidence caused plaintiff Jamal Trulove to be deprived of his constitutional right to liberty without due process.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.  On the one hand, it entails something more than negligence.  On the other hand, it is satisfied by something less than acts or omissions committed for the very purpose of causing harm or with knowledge that harm will result.

As used herein, "caused" means that the particular defendant's act, acts, or failure to act was a substantial factor in depriving plaintiff of his rights under the United States Constitution. A substantial factor is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the

harm.  Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

To prove that a defendant deliberately fabricated evidence, Mr. Trulove is not required to prove that a particular defendant either: (1) knew he was innocent; or (2) was deliberately indifferent to his innocence.  Similarly, to prevail, a defendant is not required to prove that Mr. Trulove is guilty.

Plaintiff Jamal Trulove claims deliberate fabrication of evidence on two bases:

(1)  Defendants Johnson and D'Amico used unduly suggestive identification techniques to fabricate Priscilla Lualemaga's identification of Jamal Trulove.

(2)  Defendants Johnson and McMillan fabricated Latisha Meadows's statement and identification of Jamal Trulove.

If you find that plaintiff has proven each element of the First Claim as against a particular defendant, you should find that that defendant violated plaintiff's constitutional due process rights.  If you find that plaintiff did not prove each element of the First Claim as to a particular defendant, then you should find that that defendant did not violate the plaintiff's constitutional due process rights.

**SECOND CLAIM**
**42 U.S.C. § 1983—FOURTEENTH AMENDMENT—DUE PROCESS**
**FAILURE TO DISCLOSE EXCULPATORY OR IMPEACHMENT EVIDENCE**

**Against Defendants D'Amico, Johnson, McMillan, and Evans**

Plaintiff Jamal Trulove asserts his Second Claim against defendants Maureen D'Amico, Michael Johnson, Robert McMillan, and John Evans for failure to disclose exculpatory or impeachment evidence.

With respect to this claim, the due process clause of the Fourteenth Amendment requires public officials, such as police officers and inspectors, to disclose exculpatory information in their possession which may tend to show that a person who has been arrested and charged with a crime did not commit the crime along with any evidence which tends to show the accused did commit the crime. Withholding or concealing material exculpatory information violates someone accused of a crime of the right not to be deprived of liberty without due process of law.

To prove this claim, plaintiff must prove by a preponderance of the evidence all of the following four elements as against a particular defendant:

1. in the criminal proceedings against plaintiff, the particular defendant failed to disclose to the prosecutor certain evidence known to that defendant;

2. that evidence was exculpatory or impeaching;

3. that evidence was material to the criminal proceedings against plaintiff; and

4. the particular defendant acted with deliberate indifference to plaintiff's constitutional rights or to the truth.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions. On the one hand, it entails something more than negligence. On the other hand, it is satisfied by something less than acts or omissions committed for the very purpose of causing harm or with knowledge that harm will result.

If plaintiff's counsel in the criminal proceedings knew or was otherwise aware of the evidence, a defendant cannot be liable for failing to disclose that evidence.

"Exculpatory" means evidence that tends to show that the plaintiff is not guilty of the crime.

"Impeachment" evidence is information that tends to show a defect in that witness's perception, memory, narration, or truthfulness; or evidence that suggests a motive to testify falsely; or evidence that demonstrates that the witness had an interest in the outcome of the proceedings.

Evidence is "material" if it could reasonably be taken to put the criminal proceedings in such a different light that it would have undermined confidence in the verdict and altered the outcome.

Plaintiff Jamal Trulove claims failure to disclose exculpatory or impeachment evidence on three bases:

(1) Defendants Johnson and D'Amico failed to disclose evidence impeaching Priscilla Lualemaga's statements and identification, including the use of suggestive identification procedures.

(2) Defendants Johnson and Evans failed to disclose exculpatory forensic evidence regarding their analysis of the shell casings, and Evans failed to disclose the 2001 Shouldice study.

(3) Defendants Johnson and McMillan failed to disclose evidence that they fabricated Latisha Meadows's statement.

If you find that plaintiff has proven each of the elements of the Second Claim as against a particular defendant, you should find that that defendant violated plaintiff's constitutional due process rights.  If you find that plaintiff did not prove each of the elements of the Second Claim as to a particular defendant, then you should find that that defendant did not violate the plaintiff's constitutional due process rights.

# THIRD CLAIM

## CONSPIRACY

### Against Defendants D'Amico, Johnson, McMillan, and Evans

Plaintiff Jamal Trulove asserts his Third Claim against defendants Maureen D'Amico, Michael Johnson, Robert McMillan, and John Evans.  To prove his claim for conspiracy, plaintiff must prove by a preponderance of the evidence, as to each defendant, the following three elements:

(1) plaintiff was deprived of a constitutional right, as defined in the prior instructions;

(2) a particular defendant agreed with a co-conspirator to cause the constitutional violation; and

(3) that defendant or the co-conspirator engaged in at least one act in furtherance of that agreement.

An agreement is not required to be explicitly stated or written.  Plaintiff does not need to show that each co-conspirator knew the exact details of the constitutional violation, but each co-conspirator must at least share the common objective of the agreement.

Plaintiff may show a particular defendant's knowledge of and participation in a conspiracy by way of circumstantial evidence, including that defendant's actions.

If you find that plaintiff has proven each of these elements as against a particular defendant, you should find that that defendant is liable for conspiracy.  If you find that plaintiff did not prove each of these elements as to a particular defendant, then you should find that that defendant is not liable for conspiracy.

## DAMAGES—PROOF

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for Jamal Trulove on any of his claims, you must determine his damages. The plaintiff has the burden of proving damages by a preponderance of the evidence.

Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by any defendant. You should consider the following:

The nature and extent of the injury, including wrongful confinement;

The loss of enjoyment of life experienced and that will be experienced in the future, with reasonable probability;

Physical harm or discomfort;

The mental and emotional pain and suffering experienced, and that will be experienced in the future, with reasonable probability.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

Jamal Trulove is not entitled to damages for any physical or emotional condition that he had before the defendants' conduct occurred. However, if Jamal Trulove had a physical or emotional condition that was made worse by any defendant's wrongful conduct, you must award damages that will reasonably and fairly compensate him for the effect on that condition.

You must decide the full amount of money that will reasonably and fairly compensate Jamal Trulove for all damages caused by the wrongful conduct of the defendants, even if Mr. Trulove was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

**PAUSE FOR
CLOSING ARGUMENTS**

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

Please do not state your opinions too strongly at the beginning of your deliberations or immediately announce how you plan to vote as it may interfere with an open discussion. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

You should use your common sense, but do not use or consider any special training or unique personal experience that any of you have in matters involved in this. Your training or experience is not a part of the evidence received in this case.

You may take breaks, but do not discuss this case with anyone, including each other, until you are all back in the jury room.

## <u>CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY</u>

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way, and do not let anyone else communicate with you in any way, about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## EVIDENCE IN ELECTRONIC FORMAT

The exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer will be available to you in the jury room.

A court technician will show you how to operate the computer; and how to locate and view the exhibits on the computer.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the court through the courtroom deputy, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data disk from the jury room, and do not copy any such data.

## <u>COMMUNICATION WITH THE COURT</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note signed by any one or more of you through the court security officer who will then provide it to the courtroom deputy.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including the court – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## **RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

After your verdict is read in open court, you may be asked individually to indicate whether the verdict expresses your personal vote.  This is referred to as "polling" the jury and is done to ensure that each juror has agreed to each decision.

Each of you will be provided a draft copy of the verdict form for your use in keeping track of your own votes.